Vito D. Grippo, Appellant *v.* Dunmore School Board, Appellee.

508

Argued October 6, 1976, before President Judge
BOWMAN and Judges CRUMLISH, JR., WILKINSON, JR.,
MENCER, ROGERS and BLATT. Judge KRAMER did not
participate.

*James A. Kelly,* with him *Paul T. Burke,* for appellant.

*Joseph P. Coviello,* with him *Dunn, Byrne, Coviello
& Eisenstein,* for appellee.

OPINION BY JUDGE WILKINSON, November 3, 1976:

Appellant contests his dismissal from his position
as business manager of the Dunmore School Board
(Board). The lower court affirmed the Board's final
adjudication of dismissal. We affirm.

Appellant was first appointed business manager
on August 21, 1972, at a salary of $10,000 a year. On
June 28, 1973, his salary was fixed at $12,500 for the
1973-74 school year by a seven to one vote of the
Board. On September 20, 1973, appellant and the
Board entered into a new contract covering the four
year period from July 1, 1973, to June 30, 1977, at a
salary of $12,500 per year. The vote of the Board on
the proposed contract was four in favor, three opposed
and two absent. After a public hearing, the Board,
on March 28, 1974, voted to dismiss the appellant effective March 29. The vote was five in favor and

four opposed. After an appeal, remand, and a second public hearing, the Board found that appellant's contract was invalid and that he was dismissible at the pleasure of the Board.

We need not consider, as did the court below, whether appellant is a civil officer removable at will under Article VI, Section 7 of the Pennsylvania Constitution or an employe dismissible only for cause under Section 514 of the Public School Code, Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §5-514. Even if appellant is correct and a business manager is an employe, appellant cannot avail himself of the protection of Section 514 because his contract is invalid. *Commonwealth v. Jersey Shore School District*, 23 Pa. Commonwealth Ct. 624, 353 A.2d 91 (1976). Under Section 508 of the Public School Code a majority (five) of the Board had to approve appellant's contract. The record shows only four affirmative votes.

Appellant does not seriously contest the need for five votes, but urges that the execution of the contract by the Board president, who was absent when the Board approved the contract, constituted the necessary fifth affirmative vote. He cites *Mullen v. DuBois Area School District*, 436 Pa. 211, 259 A.2d 877 (1969) in support of the proposition. *Mullen*, however, only held that the vote of a board need not be recorded in the minutes when other strong evidence exists to prove a board's approval. *Mullen* is inapplicable when a board's vote has been recorded. Also, as noted by the court below:

[The] contention that the execution of the contract establishes majority approval under Mullen ignores the fact that in executing the contract on behalf of the School Board, a school board president is not necessarily showing his approval of such but merely performing a ministerial duty required by law. (24 P.S. §4-427)

Payments made to the appellant do not estop the school district from defending against the contract or amount to a ratification of the invalid contract. *Commonwealth ex rel. Ricapito v. Bethlehem School District*, 148 Pa. Superior Ct. 426, 25 A.2d 786 (1942). Neither did the appropriation of appellant's 1973-1974 salary by the Board create a one year contract entitling appellant to his salary for the remainder of the school year. An appropriation is "a designation of money . . . for a specifically designated purpose." *Commonwealth v. Perkins*, 342 Pa. 529, 532, 21 A.2d 45, 48 (1941). A designation of funds for some purpose does not create, in itself, any rights in those funds. Any right of the appellant to payment must arise from a contract, not an appropriation.

Accordingly, we will enter the following

ORDER

Now, November 3, 1976, the order of the Court of Common Pleas of Lackawanna County, dated March 9, 1976, sustaining the Dunmore School Board's action in dismissing appellant, is affirmed.