Edward Sergi *v.* The School District of the City of Pittsburgh. Edward Sergi, Appellant.

Argued October 28, 1976, before Judges Wilkinson, Jr., Rogers and Blatt, sitting as a panel of three.

*Jerome DeRiso,* with him *Scarlata and DeRiso,* for appellant.

*Persifor S. Oliver, Jr.,* with him *Justin M. Johnson,* for appellee.

Opinion by Judge Blatt, February 14, 1977:

Edward Sergi (appellant), who was appointed an associate director of personnel of the Pittsburgh School District (School District) in September 1966, was told in October 1973, by the Superintendent of Schools (Superintendent) that the Board of Directors (Board) was considering terminating his position in the next fiscal year's budget. When the pro-

posed budget was published, it provided for a re-
organization of the School District and for a net re-
duction of forty-six employee positions, and, after a
public hearing, it was adopted by the Board on No-
vember 30, 1973. On December 28, 1973 the appellant
was informed that his position had been eliminated
for reasons of economy and that he should not report
for work after the end of that month. In May 1974
he filed a complaint in equity in the Court of Com-
mon Pleas of Allegheny County contending that his
employment had been improperly terminated and
asking that the School District be ordered to reinstate
him and pay damages. The School District's motion
for summary judgment was granted by the lower court
which then dismissed the complaint. This appeal fol-
lowed.

Our scope of review in equity matters is limited to
a determination of whether or not the court below
abused its discretion or committed an error of law.
*Campbell v. Bethlehem Parking Authority*, 20 Pa.
Commonwealth Ct. 445, 342 A.2d 114 (1975). The ap-
pellant argues here that (1) the lower court erred in
granting the motion for summary judgment because
there were triable issues of material fact, and (2) he
was entitled to, but not given, a hearing under the
provisions of the Local Agency Law[1] (Law).

It is well established that summary judgment may
be entered only in cases where it is determined that
there are no issues of material fact. *Granthum v. Tex-
tile Machine Works*, 230 Pa. Superior Ct. 199, 326
A.2d 449 (1974); *Prince v. Pavoni*, 225 Pa. Superior
Ct. 286, 302 A.2d 452 (1973), and, in making such a
determination, all doubts as to the existence of a gen-
uine issue of material fact must be resolved against
the moving party. *Schacter v. Albert*, 212 Pa. Supe-

---

[1] Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq.

rior Ct. 58, 239 A.2d 841 (1968). We have, therefore, examined the record here in the light most favorable to the appellant, but we believe that it supports the lower court's conclusion. What the appellant has described in his brief as issues of fact[2] are really questions of law which the lower court was free to rule on as it did in considering the School District's summary judgment motion.

As to appellant's argument that he had a right to a hearing under the Local Agency Law, we note that this law implements Section 9 of Article V of the Pennsylvania Constitution of 1968 and provides that no adjudication by a local agency as to any party is valid unless that person has been afforded reasonable notice of a hearing and an opportunity to be heard. We also note that we have previously recognized a school district as a local agency within the purview of this law. *McDonald v. Penn Hills Township School Board*, 7 Pa. Commonwealth Ct. 339, 298 A.2d 612 (1972). The issue here is whether or not the dismissal for reasons of economy of an untenured, nonprofessional employe[3] by a school district is an adjudica-

---

[2] The appellant listed the following as triable issues of material fact:

(1) Whether or not the Superintendent of Schools acted beyond the scope of his authority [in terminating the appellant].

(2) Whether or not Plaintiff was terminated by affirmative action of the Board of Directors.

(3) Whether or not Plaintiff's discharge was in violation of Plaintiff's contractual relationship.

[3] Section 1101 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, 24 P.S. §11-1101, provides in pertinent part

(1) The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors,

tion under this Law, which provides in Section 2, 53 P.S. §11302, that

> (1) 'Adjudication' means any final order, decree, decision, determination or ruling by a local agency *affecting personal or property rights,* privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made .... (Emphasis added.)

While we find no Pennsylvania precedent, the Supreme Court of the United States has held in *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972), in examining the types of property interests protected by the procedural due process rights of the 14th Amendment, that:

> Property interests . . . are not created by the Constitution. Rather, they are created and their dimensions are defined by existing rules or understandings *that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.* (Emphasis added.)

We are persuaded, therefore, that the termination of the appellant's employment for economy reasons was an adjudication within the purview of the Local Agency Law only if he had an enforceable expectation of continued employment which has been guaranteed either by contract or by statute, and we find no such enforceable expectation.

This Court has held on numerous occasions that the provisions of the Local Agency Law apply to the dismissals, terminations, or suspensions of public em-

---

child nutrition program specialists, school librarians, school secretaries, the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

ployes whose right to continued employment is based on a statutory guarantee.[4] Here, however, the appellant was a nonprofessional employe, and the Public School Code of 1949[5] (Code) provides such employes with only limited statutory protection from dismissal under Section 514, 24 P.S. §5-514, i.e., a board of school directors must give adequate notice and the opportunity for a hearing to any nonprofessional employe before terminating that employe's services for reasons of incompetency, intemperance, neglect of duty, violation of Commonwealth school laws or other improper conduct. It does not offer protection against terminations for reasons of economy. Consequently, we can find no statutory guarantee that would give rise to a property interest on the part of the appellant in continued employment with the School Board where reasons of economy dictate that dismissals must occur.[6] Moreover, we can find no evidence in the record of a contract with the School District which would give rise to such a property interest. We must hold, therefore, that termination of the appellant's employment by the School District for reasons of economy was not an adjudication as such is defined in the Lo-

---

[4] See Phillippi v. School District of Springfield Township, 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977) ; Fatscher v. Board of School Directors, 28 Pa. Commonwealth Ct. 170, 367 A.2d 1120 (1977) ; Zimmerman v. City of Johnstown, 27 Pa. Commonwealth Ct. 42, 365 A.2d 696 (1976) ; Kretzler v. Ohio Township, 14 Pa. Commonwealth Ct. 236, 322 A.2d 157 (1974). Compare with Amesbury v. Luzerne County Institution District, 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976).

[5] Act of March 10, 1949, P.L. 30, as amended, 24 P.S. §1-101 et seq.

[6] This is not to say, however, that an untenured, nonprofessional employee terminated for reasons other than economy would not have a property interest in his continued employment. See Shellem v. Springfield School District, 6 Pa. Commonwealth Ct. 515, 297 A.2d 182 (1972).

cal Agency Law and he was, therefore, not entitled to a hearing under that Law.

The order of the lower court is, therefore, affirmed.

ORDER

AND, Now, this 14th day of February, 1977, the order of the Court of Common Pleas of Allegheny County, dated January 16, 1976, is hereby affirmed.