## Dona Rae DiCello *v.* Board of Directors of Riverside School District, Appellant.

Argued October 3, 1977, before Judges ROGERS and BLATT, sitting as a panel of two.

*W. Boyd Hughes,* for appellant.

*Peter J. O'Brien,* for appellee.

*William Fearen, Michael I. Levin,* and *Cleckner & Fearen,* for amicus curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE ROGERS, December 15, 1977:

The Riverside School District has appealed a summary judgment entered in the Court of Common Pleas of Lackawanna County in favor of Dona Rae DiCello and against the District.

DiCello, an elementary guidance counselor, was a temporary professional employee of the appellant School District during the school year 1974-75. Assertedly because of budget reductions in the 1975-76 school year, the District School Board abolished DiCello's position and notified her in July 1975 that her employment with the District was at an end. DiCello's

request for a hearing was refused by the. School Board.' She then sued in mandamus, seeking an order which would require the School Board to conduct a hearing on her suspension and to reinstate her meanwhile. After the pleadings were closed, DiCello moved for summary judgment. The court below granted her motion, directing both the hearing and reinstatement. The School District has appealed. We permitted the participation of the Pennsylvania School Boards Association in support of the position of the School District. We have concluded that the court below correctly decided that DiCello was entitled to a Local Agency Law hearing with respect to the termination of her employment but that it should not have ordered her reinstatement.

Sections 2(1) and 4 of the Local Agency Law, Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §§11302(1), 11304 provide, respectively, the following:

'Adjudication' means any final order, decree, decision, determination or ruling by a local agency affecting personal or property rights, privileges, immunities or obligations of any or all of the parties to the proceeding in which the adjudication is made. . . .

No adjudication shall be valid as to any party unless he shall have been afforded reasonable notice of a hearing and an opportunity to be heard. . . .

The appellant School District and the Pennsylvania School Boards Association contend that the action of terminating DiCello's employment by reason of the abolishment of her position was not an adjudication because temporary professional employees have no statutory or contractually enforceable expectation of continued employment and therefore no personal or property rights to be affected by a School Board's action. The principal authorities relied on are *Sergi*

42

*v. School District of the City of Pittsburgh*, 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977), and *Phillippi v. School District of Springfield Township*, 28 Pa. Commonwealth Ct. 185, 367 A.2d 1133 (1977).

*Sergi v. School District of the City of Pittsburgh, supra,* concerned the dismissal for reasons of economy of an untenured, nonprofessional employee, entitled under the Public School Code of 1949[1] to notice and hearing only where dismissed for wrongdoing. Di-Cello was a temporary professional employee entitled under the Public School Code of 1949 to a firmer expectation of continued employment.

The holding in *Phillippi v. School District of Springfield Township, supra,* was that the employment of temporary as well as tenured professional employees may be terminated for administrative reasons but that, unlike tenured employees, temporary professionals are not entitled to be suspended or reinstated in accordance with provisions of the Public School Code of 1949 relating to seniority and efficiency ratings. *Phillippi* was not concerned with the suspended temporary professional employee's right to hearing; indeed it came to the court below on appeal from a school board decision made after a Local Agency Law hearing.

Temporary professional employees of Pennsylvania school districts have an enforceable expectation of continued employment guaranteed by the Public School Code of 1949. Subsection 1108(a), 24 P.S. §11-1108(a) provides that "[n]o temporary professional employee shall be dismissed unless rated unsatisfactory. . . ." and Subsection 1108(b), 24 P.S. §11-1108(b) requires that a temporary professional employee who has been certified to be satisfactory be

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 et seq.

tendered a regular professional's contract. In *Elias v. Board of School Directors*, 421 Pa. 260, 218 A.2d 738 (1966), the holding was that the failure of the school to give any rating was tantamount to giving a satisfactory rating with the same effect of conferring regular status on the temporary professional employee. On the point of this case, we held in *Young v. Littlestown Area School District*, 24 Pa. Commonwealth Ct. 621, 358 A.2d 120 (1976), that the Local Agency Law afforded the dismissed temporary professional employee the opportunity for a hearing to challenge an unsatisfactory rating. The School Board's and the Association's assertion that the temporary professional employee has no expectation of continued employment suggests that such employment may be terminated by the School Board at its will. The concept is plainly contrary to the School Code's guarantee against dismissal except for unsatisfactory performance.

We hold that the Local Agency Law affords the temporary professional employee the opportunity for a hearing to challenge the propriety of the School Board's action terminating his employment for administrative reasons. Our decision here comports with dicta in the cases of *Smith v. Board of Directors of the Harmony Area School District*, 16 Pa. Commonwealth Ct. 175, 177, 328 A.2d 883, 885 (1974), and in *Phillippi, supra* at 188 n.2, 367 A.2d at 1136 n.2.

We have heretofore held that where a school board has taken a personnel action without affording a required hearing, the remedy on appeal is remand for hearing, not reinstatement. *Department of Education v. Charleroi Area School District*, 22 Pa. Commonwealth Ct. 56, 347 A.2d 736 (1975). We are disposed to vacate that part of the order below which required immediate reinstatement.

44

The order below is modified by vacating the direction that the appellee, Dona Rae DiCello, be reinstated, and as so modified is affirmed, with direction that the matter be returned to the School Board for hearing.

ORDER

AND Now, this 15th day of December, 1977, the order of the court below appealed from is modified by vacating the direction that the appellee be reinstated and as so modified is affirmed, with direction that the matter be returned to the School Board for hearing.