Diane McKelvey, Appellant *v.* The Colonial School District, Appellee.

Argued April 7, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Richard W. Rogers,* with him *Norma R. Frank,* and *Rogers, King & Cole,* for appellant.

*Raymond M. Seidel,* with him *High, Swartz, Roberts & Seidel,* for appellee.

OPINION BY JUDGE ROGERS, May 10, 1978:

Diane McKelvey has appealed an order of the Court of Common Pleas of Montgomery County which granted the petition of the Colonial School District to open a default judgment. The judgment taken by

McKelvey was for want of an answer to her complaint in mandamus demanding an order that she be reinstated to her position of temporary professional employee of the defendant, here appellee, school district.

On or about August 21, 1974, Ms. McKelvey received a letter from the Board of School Directors of the Colonial School District notifying her that by reason of unsatisfactory ratings of her performance her temporary professional employee's contract was terminated effective immediately. The letter told her that she would be afforded a hearing before the school board if she asked for one within ten days. Her lawyer asked for a hearing by letter dated August 30, 1974. In fact no hearing was scheduled by the Board. On October 23, 1974 Ms. McKelvey filed her complaint in mandamus in the Court of Common Pleas of Montgomery County in which she alleged that the school board of the defendant school district had failed and refused to provide a hearing, contrary to the requirements of the Local Agency Law[1] and asking for an order for reinstatement with back pay. The court below sustained the school district's preliminary objection in the nature of a demurrer, reasoning that although Ms. McKelvey was clearly entitled to a hearing under Section 4 of the Local Agency Law, 53 P.S. §11304, she had asked for reinstatement, an act purely discretionary with the school board. On appeal this Court vacated the order below because we believed that McKelvey's complaint alleging that the school board had failed and refused to provide any hearing at all stated a cause of action for her reinstatement because Section 4 of the Local Agency Law provides that no adjudication of a local agency shall be valid unless the party affected shall have been given reason-

---

[1] Act of December 2, 1968, P.L. 1133, *as amended*, 53 P.S. §11301 et seq.

able notice of hearing and an opportunity to be heard. *McKelvey v. Colonial School District,* 22 Pa. Commonwealth Ct. 207, 348 A.2d 445 (1975). Our opinion and order were filed December 5, 1975. We there wrote:

The court below, although noting that the plaintiff had a right to a hearing pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. and recognizing that she had asked for and been refused a hearing, sustained the demurrer. The basis of the court's ruling was that the complaint did not ask for a hearing but for reinstatement, a matter within the discretion of the School Board. We believe that the lower court erred and we vacate its order and remand the case for further proceedings.

The dismissal of temporary professional employees rated unsatisfactory is provided for by Section 1108 of The Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1108. The Public School Code of 1949 does not provide a temporary employee a right to a hearing. Further, in Nicolella v. Trinity Area School District School Board, 444 Pa. 544, 281 A.2d 832 (1971), our Supreme Court held that mandamus would not afford the remedy of reinstatement to a temporary professional employee discharged after an unsatisfactory rating. In a footnote of the Nicolella opinion, it was noted, however, 'that today a similar situation would have to be considered in light of the Local Agency Law. . . .' This is that similar situation.

. . . .

The School Board's action memoralized by its letter of August 21, 1974 terminating Ms. Mc-

Kelvey's employment 'effective immediately' was an adjudication. The complaint avers, and the demurrer provisionally admits, that the plaintiff was refused a hearing. It follows, first, that the adjudication of termination was invalid by reason of the refusal of the Board to afford the plaintiff 'reasonable notice of a hearing and an opportunity to be heard' and second, that the plaintiff would remain a temporary professional employee entitled to the relief sought in her mandamus action. The complaint therefore stated a cause of action and should not have been dismissed on demurrer.

The order of the court below is vacated and the record is remanded for further proceedings according to law.

22 Pa. Commonwealth Ct. at 209-10, 348 A.2d at 446-47.

Instead of filing an answer to Ms. McKelvey's complaint in mandamus, if it had one, the school board did nothing until February 3, 1976 when it notified Ms. McKelvey that it would conduct a hearing on or about March 3, 1976 on the issue of whether her contract had been properly terminated. On February 18, 1976, without notice to the school district or its attorney, McKelvey's counsel entered a default judgment in her favor in the mandamus suit. The school district thereupon filed its petition to open, the prayer of which was granted by the court below. This appeal followed.

As in the case of all matters committed to the discretion of a court for decision after hearing evidence, the reviewing court may overturn a decision of the hearing court to open a default judgment only for a manifest abuse of the discretion or an error of law.

This is a very close case. The balance is tipped in favor of affirming the order below by the fact that the party against whom the judgment was entered was a public body whose predicament was entirely the result of its counsel's failure or refusal to believe that we meant what we said in our earlier opinion—that a temporary professional employee who has been discharged by a school board without having been afforded reasonable notice of a hearing and an opportunity to be heard is entitled to reinstatement and that a complaint in mandamus alleging such a discharge states a cause of action for *reinstatement*, not merely for the provision of a hearing, as the school district's counsel persisted in believing.

Further support for opening the judgment lies in the fact that, contrary to the customary practice of the Montgomery County Bar, Ms. McKelvey's counsel took the judgment without specific warning to his adversary. We hasten to add that in our view the impulse to do so in the circumstances of this case would be almost unconquerable—McKelvey's counsel had framed his relief in accordance with the foreshadowing of *Nicolella v. Trinity Area School District School Board*, 444 Pa. 544, 281 A.2d 832 (1971) and he had prevailed on appeal from the lower court's grant of a demurrer, only to be faced, not with an answer to his complaint, but with an offer of a school board hearing.

Before ending our discussion, we believe it important to express our disagreement with and disapproval of the lower court's treatment of the merits of the case. The court, agreeing with the school board's position, said that the appropriate relief in mandamus for the discharge of a temporary professional employee without notice of hearing and opportunity to be heard is an order directing that the notice and hearing be provided. This is, of course, contrary to our

holding. The cases cited by the court below of *Shellem v. Springfield School District*, 6 Pa. Commonwealth Ct. 515, 297 A.2d 182 (1972), and *Donnon v. Downingtown Civil Service Commission*, 3 Pa. Commonwealth Ct. 366, 283 A.2d 92 (1971), to which we can add *Kudasik v. Board of Directors, Port Allegany School District*, 23 Pa. Commonwealth Ct. 208, 350 A.2d 887 (1976) are all different from this case. In each a hearing was in fact afforded; but in each the hearing was tainted by improper procedures. We held in each that remand for a proper hearing was the proper remedy. Here, the appellant's allegation was that a hearing was refused her, a ground for invalidating the adjudication and ordering reinstatement with back pay.

In examining the record made since our remand, we find that after the default judgment was entered and during the pendency of the proceedings to open the judgment, the defendant school district filed an answer to the plaintiff's complaint in mandamus. This document says that the school board had offered the plaintiff a school board hearing without specifying the time of the offer. If it refers to an offer made at or shortly after the time of McKelvey's discharge, August 21, 1974, it is responsive; if it refers to the offer made February 3, 1976 after our order of remand and if the school board did not then also offer back pay until that date, it is not responsive and is of no effect. The law of the case is, as of this writing, that the school board may answer the complaint in mandamus admitting or denying the allegation that it refused a hearing at or shortly after the discharge. If it must admit the allegation, it must reinstate Ms. McKelvey with back pay until it provides a reasonable notice and opportunity to be heard on the merits of the original discharge; the offer of a hearing made on February 3, 1976 if not accompanied with an offer of back pay was

as we have said ineffective at that stage of the proceedings. If on the other hand the school board denies the allegation that it refused a hearing at the time of the discharge, trial on that issue must be conducted.

Order affirmed; record remanded.

### Order

And Now, this 10th day of May, 1978, the order of the court below made June 29, 1977 is affirmed.