Norwin School District, Petitioner *v.* Rita Chlodney, Respondent.

Argued May 4, 1978, before Judges MENCER, ROGERS and DISALLE, sitting as a panel of three.

H. *Nevin Wollam,* Solicitor, for petitioner.

*Ronald N. Watzman,* with him *Watzman, DeAngelis & Elovitz,* for respondent.

OPINION BY JUDGE MENCER, August 22, 1978:

Rita Chlodney (Chlodney) was employed by the Norwin School District (School District) as a full-time German teacher. On June 9, 1976, she was advised by the School District that she was being reduced from full time to half time, with a corresponding decrease in salary, for the 1976-77 school year. On August 11, 1976, Chlodney requested a hearing before the Board of School Directors of the School District (Board). Her reduction to half time took effect on August 31, 1976. When the Board failed to respond to her request for a hearing by September 9, 1976, Chlodney filed an appeal with the Secretary of Education (Secretary). On March 17, 1977, the Secretary ordered Chlodney reinstated as a full-time German teacher, without loss of pay. This appeal followed. We affirm the order of the Secretary.

The first issue is whether Chlodney was "demoted" within the meaning of Section 1151 of the Public School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1151, or whether

she was "suspended" within the meaning of Sections 1124 and 1125, 24 P.S. §§11-1124, -1125. If Chlodney was demoted, her appeal was properly to the Secretary under Sections 1131 and 1151 of the School Code, 24 P.S. §§11-1131, -1151. *See, e.g., Black v. Wyalusing Area School District,* 27 Pa. Commonwealth Ct. 176, 365 A.2d 1352 (1976). If, however, Chlodney was suspended, her right to appeal would be governed, not by the School Code but by the Local Agency Law, Act of December 2, 1968, P.L. 1133, 53 P.S. §11301 et seq. *See, e.g., Fatscher v. Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977). The Secretary of Education has no jurisdiction over appeals under the Local Agency Law.

A demotion under Section 1151 can occur *either* from reduction of salary *or* from unfavorable changes of position. *See, e.g., Isban v. Department of Education,* 34 Pa. Commonwealth Ct. 88, 382 A.2d 1266 (1978). Chlodney's salary was unquestionably reduced. In addition, her reduction to part-time status involved a corresponding reduction in duties and responsibilities. These factors strongly suggest that she has been demoted. *See Black v. Wyalusing Area School District, supra.*

A suspension under Section 1124, on the other hand, is "in the nature of an impermanent *separation,* it is in reality simply a *furlough,* it is a *laying-off.* ..." *Kaplan v. Philadelphia School District,* 388 Pa. 213, 217, 130 A.2d 672, 675 (1957) (emphasis added). Chlodney was not separated, furloughed, or laid off. While her reduction to half-time status does not fall readily into either category, we believe that a *reduction* in pay and responsibilities, rather than a complete termination, renders a transfer to part-time status a demotion rather than a suspension. Therefore, Chlodney's appeal was properly taken to the Secretary.

The School District also argues that the Secretary erred in ordering Chlodney's reinstatement rather than simply remanding the matter to the Board for a hearing. Section 1151 of the School Code requires the Board to hold a hearing on all proposed nonconsensual demotions involving professional employees. "The demotion, moreover, cannot become effective until *after* the hearing has taken place." *Tassone v. Redstone Township School District*, 408 Pa. 290, 294, 183 A.2d 536, 539 (1962) (emphasis in original). Therefore, where, as here, a professional employee has been demoted without the hearing required by the School Code, the demotion is void and reinstatement is the proper remedy.[1] *Black v. Wyalusing Area School District, supra; see Tassone v. Redstone Township School District, supra* (order reinstating professional employee demoted without a hearing affirmed by Pennsylvania Supreme Court).

The order of the Secretary of Education must therefore be affirmed.[2] This holding does not, of

---

[1] If the record before the Secretary provides an insufficient factual basis upon which to determine whether or not a reassignment constitutes a demotion, it would be error to order reinstatement since, if no demotion has in fact occurred, the employee would have no right to a hearing. *See Black v. Wyalusing Area School District*, supra, 27 Pa. Commonwealth Ct. at 178, 365 A.2d at 1354; *Department of Education v. Charleroi Area School District*, 22 Pa. Commonwealth Ct. 56, 347 A.2d 736 (1975).

[2] This case is distinguishable from *DiCello v. Board of Directors of Riverside School District*, 33 Pa. Commonwealth Ct. 39, 380 A.2d 944 (1977), since *DiCello* involved a temporary professional employee whose right to a hearing on her suspension was governed, not by the School Code but by the Local Agency Law. *But cf. McKelvey v. Colonial School District*, 22 Pa. Commonwealth Ct. 207, 348 A.2d 445 (1975) (temporary professional employee allegedly discharged without hearing had stated cause of action in mandamus for reinstatement), *appeal after remand*, 35 Pa. Commonwealth Ct. 264, 385 A.2d 1040 (1978) (original holding reaffirmed).

course, preclude the Board from demoting Chlodney, in accordance with law, after the required hearing has been held.

### ORDER

Now, this 22nd day of August, 1978, the order of the Secretary of Education, dated March 17, 1977, reinstating Rita Chlodney as a full-time German teacher of the Norwin School District, without loss of pay, is hereby affirmed.