The School District of Philadelphia, Appellant *v.* Robert Rochester, Appellee.

Argued April 2, 1979, before Judges CRUMLISH,
JR., MENCER and ROGERS, sitting as a panel of three.

*Robert H. Nuttal,* for appellant.

*Paul Auerbach,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., September 19, 1979:

The Philadelphia School District was ordered in a peremptory judgment entered in an action in mandamus by the Philadelphia Common Pleas Court to reinstate Robert Rochester to his former position as an "Executive Management Analyst" with full back pay and fringe benefits dating from the time of his termination.

On November 17, 1977, Rochester filed a complaint in mandamus alleging that he had been employed by the District as a "System Analyst" in 1971 and that in 1975 he signed a professional employee's contract for a position designated "Executive Management Analyst." On or about June 23, 1977, he received a letter from the District personnel office, terminating his employment effective June 30, 1977, "due to budget limitations in the 1977-78 General Fund Operating Budget, and the resulting curtailment or alteration of the educational program. . . ."

When Rochester received no written response from the Board to his repeated requests for a hearing, he brought suit in the court below. Alleging an inadequate remedy at law, he requested that a writ of mandamus issue ordering his immediate reinstatement with full back pay and benefits or, alternatively, that the Board be ordered to hold an immediate hearing on his appeal.

The District's answer, contesting Rochester's right to a hearing under Section 1121 of the Public School Code of 1949[1] (Public School Code), 24 P.S. §11-1121,

---

[1] Section 1121 of the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §11-1121.

denied the existence of a "professional employee" contract between Rochester and the District.

Rochester filed a motion for peremptory judgment, asserting his right as a professional employee to a pre-termination hearing as a matter of law. In reply, the District disputed his professional employee status, for the reasons that Rochester was not certified to teach; that he had never held a supervisory position; and that he had been tendered a standard form professional employee contract as a result of a clerical error. The District contended further that an administration hearing had been set in a letter, which reads in pertinent part:

> Mr. Rochester is not a professional employe and therefore is not entitled to such a hearing. The School District is not obligated to provide any hearing for any non-professional employes who are terminated for budgetary reasons. However, we are providing, as a convenience to the employe, an administrative hearing determining whether the action taken by the School District was appropriate under the circumstances. . . . [T]he hearing has been scheduled for Mr. Rochester on Tuesday, December 27, 1977. . . . The hearing officer will be Vincent J. Salandria, Esquire.[2]

The court below granted Rochester's motion for peremptory judgment, determined his status as a professional employee as a matter of law and ordered his immediate reinstatement with full back pay and benefits.[3]

---

[2] The briefs indicated that both parties agreed to postpone holding any such hearing pending the outcome of Rochester's motion for peremptory judgment in the court below.

[3] The lower court denied the District's motion to open the peremptory judgment and granted its motion for supersedeas thereby staying the effectiveness of its order pending this appeal. A sub-

We reverse and remand.

We have often declared the extraordinary nature of a writ of mandamus and have allowed the writ to issue only where a plaintiff's right to the relief is clear, where there exists a corresponding clear duty in the defendant, and where there is a want of any alternative adequate remedy. *Styers v. Wade,* 30 Pa. Commonwealth Ct. 38, 372 A.2d 1236 (1977), *aff'd* 478 Pa. 631, 387 A.2d 666 (1978).

Where the administrative process provides an appellate procedure, mandamus is appropriate to insure that a complainant obtains administrative relief. *See Smith v. Harmony Area School District,* 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974).

Personnel disputes by school employees demand two separate inquiries: (a) whether the employee is a professional or non-professional employee, and (b) whether the District's termination of employment is a suspension or a discharge. The resolution of these issues dictates the nature of the hearing, if any, which must be given to the employee.

Appeals by discharged or dismissed professional employees are governed by Section 1131 of the Public School Code, 24 P.S. §11-1131, which provides for appeal to the Secretary of Public Instruction. *McCracken v. Central Susquehanna Intermediate Unit,* 34 Pa. Commonwealth Ct. 148, 382 A.2d 1293 (1978). Administrative appeals by suspended professional employees and dismissed non-professional employees, dismissed for reasons other than economy, are governed by provisions of the Local Agency Law, 2 Pa. C.S.A. §551 et seq. *Norwin School District v. Chlod-*

sequent order from the lower court dated September 29, 1978, which directed the District to employ Rochester forthwith was vacated by our Court per President Judge Bowman, and the lower court order of March 23, 1978, from which the above appeal was taken was superseded.

*ney,* 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978); *DiCello v. Riverside School District,* 33 Pa. Commonwealth Ct. 39, 380 A.2d 944 (1977); *Fiorenza v. Chichester School District,* 28 Pa. Commonwealth Ct. 134, 367 A.2d 808 (1977). Neither the Public School Code nor the Local Agency Law mandates hearings for non-professional employees dismissed for budgetary reasons. *Pefferman v. School District of Pittsburgh,* 35 Pa. Commonwealth Ct. 515, 387 A.2d 157 (1978); *Sergi v. School District of Pittsburgh,* 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977).

Where, as here, the employee's professional status is disputed, we have held that the employee claiming to be an aggrieved professional employee must utilize the remedies provided by the Public School Code. *La-Porta v. Bucks County Public Schools Intermediate Unit, No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A.2d 655 (1974); *see also Smethport Area School District v. Bowers,* 440 Pa. 310, 269 A.2d 712 (1970); *George v. Department of Education,* 15 Pa. Commonwealth Ct. 239, 325 A.2d 819 (1974).

We understand that there is also some disagreement as to the nature of the Board's determination, *i.e.,* was Rochester suspended or dismissed.[4]

Where professional employees have alleged that the Board's action constituted demotions, the employees must be provided the due process hearing mandated by the Public School Code for demoted professional employees and afforded the opportunity to prove that the contested action was, in fact, a demotion. *Norwin School District v. Chlodney, supra.*

Likewise, one should be given the opportunity to establish that his termination was, in fact, a dismissal.

---

[4] *See* definition of "suspension" as used in Section 1124 of the Public School Code. 24 P.S. §11-1124, in *Kaplan v. Philadelphia School District,* 388 Pa. 213, 130 A.2d 672 (1957).

Particularly where, as here, confusion as to whether the termination is a suspension or discharge is attributable to the District's simply ignoring Rochester's timely requests for a hearing. *See Middle Bucks Area Vocational-Technical School v. Navarro,* 37 Pa. Commonwealth Ct. 278, 390 A.2d 325 (1978).

Thus, Rochester should be afforded a hearing to prove his entitlement to relief as an aggrieved dismissed professional employee that is commensurate with the Public School Code provisions for same. *See* Section 1131, 24 P.S. §11-1131.

However, the mandamus issued by the court below went beyond merely insuring that such a hearing be made available to Rochester and, instead, without hearing any evidence, purported to determine as a matter of law his status as an improperly discharged professional employee and concomitant right to notice and hearing.

Rochester must establish his professional status by showing that he is within one of the expressly enumerated categories of professional employees in Section 1101(1) of the Public School Code, 24 P.S. §11-1101(1).[5] *McCracken v. Central Susquehanna Intermediate Unit, supra.* The form of the employment contract is not dispositive of his status because no valid professional employee contract can be made if these qualifications are not met. *See Brentwood Borough School District Appeal,* 439 Pa. 256, 267 A.2d 848

---

[5] Section 1101(1) provides as follows:

The term, 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

(1970); *Charleroi Area School District v. Secretary of Education,* 18 Pa. Commonwealth Ct. 121, 334 A.2d 785 (1975); *see also Tyler v. Jefferson County-DuBois Area Vocational Technical,* 20 Pa. Commonwealth Ct. 132, 341 A.2d 235 (1975), *rev'd on other grounds,* 467 Pa. 595, 359 A.2d 761 (1976).

The District's challenge to Rochester's professional status raises several factual issues which require resolution for a fair determination of Rochester's status and entitlement, if any, to pretermination notice and hearing: his certifcation; his duties as an "Executive Management Analyst;" the events surrounding the alleged clerical error in the execution of a professional employee form contract; and finally, the precise nature of Rochester's termination as either a suspension or discharge for budgetary reasons.

Because the record provides an insufficient factual basis upon which a determination of Rochester's right to notice and hearing under either the Public School Code or the Local Agency Law could be made, the court below abused its discretion in ordering Rochester's reinstatement and we must reverse its entry of peremptory judgment. *Cf. Norwin School District v. Chlodney, supra,* n. 1.

To insure the integrity of the administrative process, it is necessary to remand to the Philadelphia School Board for the purpose of holding a hearing which comports with the requirements of Section 1131 of the Public School Code, 24 P.S. §11-1131.

Accordingly, we

ORDER

AND Now, this 19th day of September, 1979, the order of the Court of Common Pleas of Philadelphia County dated March 23, 1978, ordering the reinstatement with full back pay and benefits to Robert Roches-

ter to his former position as Executive Management Analyst is hereby reversed. The said court is hereby ordered to remand the matter to the Philadelphia School Board for the purpose of holding a hearing forthwith that comports with the requirements of Section 1131 of the Public School Code of 1949, 24 P.S. §11-1131, that will determine, *inter alia*, Rochester's professional status and rights, if any, to relief.