Louis Necci, Appellant *v.* School District of the City of Erie et al., Appellees.

Argued May 8, 1980, before Judges MENCER, CRAIG and MACPHAIL, sitting as a panel of three.

*Thomas J. Ridge,* for appellant.

*John W. Beatty,* for appellee.

OPINION BY JUDGE MENCER, July 28, 1980:

On December 12, 1973, a majority of the Directors of the School District of the City of Erie (District) voted to terminate, for economic reasons, the services of Louis Necci (petitioner) as Director of Administrative Services with the District. Petitioner, a nonprofessional employee, filed an action in mandamus in the Court of Common Pleas of Erie County seeking to compel the District to provide him a hearing to contest his dismissal. The lower court, relying on *Sergi v. Pittsburgh School District,* 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977), dismissed petitoner's complaint and this appeal followed. We affirm.

In *Sergi,* we held that a nonprofessional employee under the Public School Code of 1949, Act of March 10, 1949, P.L. 30 *as amended,* 24 P.S. §1-101 et seq.,

was not entitled to a hearing under the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11301 et seq.,[1] when dismissed for economic reasons, absent a showing by the employee that he had "an enforceable expectation of continued employment which has been guaranteed either by contract or statute." 28 Pa. Commonwealth Ct. at 580, 368 A.2d at 1361. *Accord, Board of Public Education of School District of Pittsburgh v. Goldstein,* 43 Pa. Commonwealth Ct. 643, 403 A.2d 176 (1979); *Pefferman v. School District of Pittsburgh,* 35 Pa. Commonwealth Ct. 515, 387 A.2d 157 (1978). *See also Amesbury v. Luzerne County Institution District,* 27 Pa. Commonwealth Ct. 418, 366 A.2d 631 (1976). Here, as in *Sergi,* we find that petitioner had neither a statutory nor a contractual expectation of employment and thus was not entitled to a hearing when dismissed for economic reasons.

Petitioner argues, however, that the requisite expectation of employment was created, at least for the 1973-74 fiscal year, by the District's inclusion of his position and salary in that year's budget. This argument is without merit for, as stated in *Grippo v. Dunmore School Board,* 27 Pa. Commonwealth Ct. 507, 510, 365 A.2d 678, 679 (1976):

> Neither did the appropriation of appellant's 1973-1974 salary by the board create a one year contract entitling appellant to his salary for the remainder of the school year. An appropriation is 'a designation of money ... for a specifically designated purpose.' Commonwealth v. Perkins, 342 Pa. 529, 532, 21 A.2d 45, 48 (1941). A designation of funds for some purpose does not

---

[1] Repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar act is now found in 2 Pa. C. S. §§551-555, 751-754.

create, in itself, any rights in those funds. Any right of the appellant to payment must arise from a contract, not an appropriation.

Order affirmed.

ORDER

AND Now, this 28th day of July, 1980, the order of the Court of Common Pleas of Erie County denying to Louis Necci the hearing sought by him is affirmed.