Betty S. Rosenberg, Appellant *v.* South Allegheny School District et al., Appellees.

Argued May 7, 1981, before Judges Mencer, Mac-Phail and Palladino, sitting as a panel of three.

*Neil R. Rosen, Sikov and Love, P.A.,* for appellant.

*Michael F. Fives*, with him *John A. Caputo, O'Donnell, Bresnahan and Caputo*, for appellees.

OPINION BY JUDGE MENCER, July 24, 1981:

Betty S. Rosenberg was a cafeteria manager with the South Allegheny School District. Her position was terminated when the cafeteria department operated by the School District was closed and cafeteria services were provided by an independent contractor. After being notified of her termination, Mrs. Rosenberg made a written request for a hearing. When the School District refused to give her a hearing, she filed an action in mandamus in the Court of Common Pleas of Allegheny County, seeking an order directing the School District to give her a hearing and to reinstate her with pay.

The Court of Common Pleas entered an order, on January 11, 1979, directing the School District to grant Mrs. Rosenberg a hearing "regarding her status as an employee of the defendant School District" but refused to order her reinstatement with pay. Exceptions were filed and, by order dated September 5, 1980, the exceptions were dismissed and that portion of the complaint requesting reinstatement with pay was dismissed without prejudice. Mrs. Rosenberg appeals here from the lower court's September 5, 1980 order which dismissed her request for reinstatement with pay.

It is undisputed that Mrs. Rosenberg was given a professional employee contract from 1968 until the time of her termination. However, she did not teach and was not properly certified to teach in any department of the School District. Thus, it was the position of the School District that Mrs. Rosenberg was not a professional employee and therefore not entitled to a hearing relative to her suspension. Where, as here, the employee's professional status is disputed, we have held that the employee claiming to be an aggrieved

professional employee must utilize the remedies provided by the Public School Code of 1949 (Public School Code).[1] *LaPorta v. Bucks County Public Schools Intermediate Unit, No. 22,* 15 Pa. Commonwealth Ct. 566, 327 A.2d 655 (1974).

Thus, Mrs. Rosenberg should be afforded a hearing to prove her entitlement to relief as an aggrieved dismissed professional employee that is commensurate with the Public School Code provisions. *See* Section 1131, 24 P.S. §11-1131. Accordingly, the lower court correctly ordered a hearing regarding her status as an employee of the South Allegheny School District.

This case is controlled by our decision in *School District of Philadelphia v. Rochester,* 46 Pa. Commonwealth Ct. 123, 405 A.2d 1142 (1979). We stated in *Rochester* what is equally applicable here:

> We have often declared the extraordinary nature of a writ of mandamus and have allowed the writ to issue only where a plaintiff's right to the relief is clear, where there exists a corresponding clear duty in the defendant, and where there is a want of any alternative adequate remedy. Styers v. Wade, 30 Pa. Commonwealth Ct. 38, 372 A.2d 1236 (1977), *aff'd* 478 Pa. 631, 387 A.2d 666 (1978).

> Where the administrative process provides an appellate procedure, mandamus is appropriate to insure that a complainant obtains administrative relief. *See* Smith v. Harmony Area School District, 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974).

> Personnel disputes by school employees demand two separate inquiries: (a) whether the employee is a professional or non-professional

---

[1] Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §1-101 *et seq.*

employee, and (b) whether the District's termination of employment is a suspension or a discharge. The resolution of these issues dictates the nature of the hearing, if any, which must be given to the employee.

Appeals by discharged or dismissed professional employees are governed by Section 1131 of the Public School Code, 24 P.S. §11-1131, which provides for appeal to the Secretary of Public Instruction. McCracken v. Central Susquehanna Intermediate Unit, 34 Pa. Commonwealth Ct. 148, 382 A.2d 1293 (1978). Administrative appeals by suspended professional employees and dismissed non-professional employees, dismissed for reasons other than economy, are governed by provisions of the Local Agency Law, 2 Pa. C.S.A. §551 et seq. Norwin School District v. Chlodney, 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978); DiCello v. Riverside School District, 33 Pa. Commonwealth Ct. 39, 380 A.2d 944 (1977); Fiorenza v. Chichester School District, 28 Pa. Commonwealth Ct. 134, 367 A.2d 808 (1977). Neither the Public School Code nor the Local Agency Law mandates hearings for non-professional employees dismissed for budgetary reasons. Pefferman v. School District of Pittsburgh, 35 Pa. Commonwealth Ct. 515, 387 A.2d 157 (1978); Sergi v. School District of Pittsburgh, 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977).

*Id.* at 127-28, 405 A.2d at 1144.

Upon the hearing ordered by the lower court, Mrs. Rosenberg must establish her professional status by showing that she is within one of the expressly enumerated categories of professional employees in Section 1101(1) of the Public School Code, 24 P.S.

§11-1101(1).[2] *McCracken v. Central Susquehanna Intermediate Unit, supra.* The form of the employment contract is not dispositive of her status because no valid professional employee contract can be made if these qualifications are not met. *See Brentwood Borough School District Appeal,* 439 Pa. 256, 267 A.2d 848 (1970).

The School District's challenge to Mrs. Rosenberg's professional status raises several factual issues which require resolution for a fair determination of her status and entitlement, if any, to pretermination notice and hearing:[3] her certification, her duties as cafeteria man-

---

[2] Section 1101(1) provides as follows:

(1) The term 'professional employe' shall include those who are certificated as teachers, supervisors, supervising principals, principals, assistant principals, vice-principals, directors of vocational education, dental hygienists, visiting teachers, home and school visitors, school counselors, child nutrition program specialists, school librarians, school secretaries the selection of whom is on the basis of merit as determined by eligibility lists and school nurses.

[3] Mrs. Rosenberg contends that she should be reinstated with pay because of our holding in *McKelvey v. Colonial School District,* 35 Pa. Commonwealth Ct. 264, 385 A.2d 1040 (1978). In *McKelvey,* we held that the failure to provide an *entitled* hearing required reinstatement of the school employee with back pay. However, in *McKelvey,* the status of the employee and entitlement to a hearing prior to termination was not in dispute since she was admittedly a temporary professional employee with a right to a hearing pursuant to the Local Agency Law, Act of December 2, 1968, P.L. 1133, *formerly* 53 P.S. §11301 *et seq.,* repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1429]. A similar act is now found in 2 Pa. C. S. §§551-555, 751-754. In the instant case, if the ordered hearing "regarding her [Betty S. Rosenberg's] status as an employee of the defendant school district" would produce a determination that Mrs. Rosenberg was a nonprofessional employee dismissed for budgetary reasons, then she would not be entitled to a hearing prior to termination. *Pefferman v. School District of Pittsburgh,* 35

ager, and the precise nature of her termination as either a suspension or discharge for budgetary reasons.

Thus, consistent with *School District of Philadelphia v. Rochester, supra,* to insure the integrity of the administrative process, we here affirm the order of the Court of Common Pleas of Allegheny County.

Order affirmed.

ORDER

AND Now, this 24th day of July, 1981, the order of the Court of Common Pleas of Allegheny County, dated September 5, 1980, dismissing, without prejudice, the complaint of Betty S. Rosenberg to the extent that it requests reinstatement with pay, is hereby affirmed.

---

Pa. Commonwealth Ct. 515, 387 A.2d 157 (1978); *Sergi v. Pittsburgh School District,* 28 Pa. Commonwealth Ct. 576, 368 A.2d 1359 (1977). Absent a determination that Mrs. Rosenberg's employee status entitles her to a hearing prior to termination, the application to her of our holding of reinstatement with back pay, made in *McKelvey,* would be premature.