## Miller v. Stroudsburg Area School District

*Peter J. O'Brien,* for appellant.
*Ronald Mishkin,* for appellee.

THOMSON, *P.J.,* August 30, 1982—Jacqueline Miller (appellant) is appealing from her dismissal as a part-time bus driver at the hands of the Stroudsburg Area School District (appellee). The appellee claims that the dismissal was proper under 24 P.S. §5-514 and further asserts in their filing on new matter that appellant never had a right to a hearing and thus no right to appeal.

This case arose from series of incidents that took place on September 24, 1981. Appellant was serving as a part-time school bus driver for appellee at that time. Part of her responsibilities was to be at the school at 2:00 p.m. that afternoon. At 11:00 a.m. that morning appellant procured more lucrative employment for that day and decided not to report to work. Appellant, in disregard of her job regulations, failed to get prior approval for her ab-

sence. She then called the school some 45 minutes before 2:00 p.m. and informed the school of her decision as to that day. Appellant was suspended the following day and then was discharged on October 21, 1981. Following an appeal from the dismissal, a hearing was held on April 20, 1982 in which her dismissal was affirmed. Appellant again appealed and this case is now before the court.

## A. WHETHER THE APPELLANT WAS ENTITLED TO A HEARING UNDER 24 P.S. §5-514

Appellee urges in its new matter that appellant was never entitled to a hearing in the first place and thus she has no right to appeal from that hearing. Appellee states that this is a valid ground for dismissing this entire action. We disagree.

Appellee claims that since Ms. Miller was a nonprofessional employee of the school district, appellee was free to fire her at will and without regard to a hearing. Two cases are cited in which school employees are dismissed without a hearing notwithstanding the provisions of 24 P.S. §5-514.

Necci v. School District of City of Erie, 53 Pa. Commonwealth Ct. 259, 416 A. 2d 1171 (1980) and Sergi v. School District of City of Pittsburgh, 28 Pa. Commonwealth Ct. 282, 368 A. 2d 1359 (1977). These two cases, however, are clearly distinguishable from the facts at hand. In the two aforementioned cases, each court took pains to point out that these dismissals were for economic reasons only.

This has been held to have been a crucial distinction. In the case of Genco v. Bristol Borough School District, 55 Pa. Commonwealth Ct. 78, 423 A. 2d 36 (1980), the school board attempted to abolish an assistant principal's position and demote him to a teacher for reasons other than the poor economy.

The Pennsylvania Supreme Court there held that the assistant principal was entitled to the protection of Section 5-514.

The relevant language of section 5-514 is as follows:

"The board of school directors in any school district, except as herein otherwise provided, shall after due notice, giving the reasons therefor, *and after hearing if demanded,* have the right to at anytime remove any of its officers, employees, or appointees for incompetency, intemperance, neglect of duty, violation of any of the school laws of this Commonwealth, or other improper conduct. (Emphasis supplied.)

We hold that appellant was removed for reasons other than economic and that she made a timely demand for a hearing. She was fully entitled to that hearing and to the appeal stemming from that hearing.

## B. WHETHER THE COURT SHOULD AFFIRM THE DECISION OF THE HEARING PANEL

Appellant here claims that it would be improper for this court to issue an opinion reviewing the hearing panel's decision. Instead, appellant requests that we conduct a trial de novo and then make our decision. This issue needs to be discussed because of the decision not to transcribe the hearing. The case cited by appellant as authority for the proposition is Board of Pensions and Retirement of the City of Philadelphia v. Einhorn, _____ Pa. Commonwealth Ct. _____, 442 A. 2d 21 (1982). The general rule stated by that case in that where there is a failure to transcribe the original hearing in the Local Agency Appeal, the court of common pleas

must make its own findings of fact to provide the appellate courts with something to review.

The Einhorn court, however, also mentioned an exception to this general rule. The court held that there the decision to conduct a trial de novo was proper due to the lack of transcript and *"the questionable validity of the Board's decision."* Id at 23 (Emphasis supplied). We hold that there is little question here as to the school board panel's decision's validity and that it would be a waste of the court's time to conduct a full scale hearing.

The crucial facts at hand are totally undisputed and would undoubtedly not be different at a trial de novo. Appellant, in total disregard for the school regulations for requesting time off for reasons other than sickness, called some 45 minutes before she was to report to work to say that she was not coming in because she found more profitable work that afternoon. This is clearly "neglect of duty" as contemplated in 24 P.S. §5-514.

Appellee has established these rules for very important reasons and strict compliance is necessary for the smooth functioning of the bus system. Failure to comply with these rules could mean the inability to find a substitute driver and long delays in delivering the children. We may have held differently if appellant had presented an understandable reason for her non-compliance with the regulations. Failure to report for work merely because she had temporarily located a better paying job for that day, however, is severe neglect of duty and appellee's decision to discharge her certainly does not rise to the level of arbitrariness or capriciousness.

## ORDER

And now, August 30, 1982, appellant's Local Agency Appeal is hereby denied.