High Tech Auto Repair, Inc. v. Dept. of Transportation

*P. Connell McNulty*, for plaintiff.
*Mark A. Werlinsky,* for defendant.

MOSS, *J.*, September 29, 2010—The issue is whether petitioner should be granted nunc pro tunc relief to appeal a Pennsylvania Department of Transportation Order of Fine and Suspension of Official Inspection dated April 14, 2010. For the foregoing reasons, We denied nunc pro tunc relief.

## Facts and Procedural History

Petitioner High Tech Auto Repair, Inc. ("High Tech") is an auto repair station conducting business in Philadelphia. Part of High Tech's business is to conduct both Pennsylvania safety and emissions inspections. The business is owner Thomas T. Keo's primary income source and the sole source for his three (3) to four (4) employees.

In June, 2009, a Quality Assurance Officer at the Pennsylvania Department of Transportation ("PennDot") reported an alleged violation at High Tech. Allegations

stated High Tech kept fraudulent records and issued two certificates of emission inspection without actual inspections. At an October 20, 2009 hearing, Keo acted *pro se* and denied all allegations against High Tech. There was no further communication until March 30, 2010.

On March 30, 2010, PennDot notified High Tech their inspection privileges were subject to a $5,000 fine and a two (2) year suspension. The letter gave High Tech opportunity for an agreed eight (8) point assessment instead of the suspension and fine. High Tech was told if the alternative was not accepted within fifteen (15) days PennDot would issue an "Official Notice" imposing suspension and fine. Furthermore, High Tech subsequently "received notice thereof" regarding suspension.

On April 3, 2010, Keo left for a one-month Cambodian vacation without responding to the March 30, 2010 letter although it required a fifteen (15) day response. During his absence, High Tech closed. It reopened on May 3, 2010. On April 14, 2010, while Keo was in Cambodia and High Tech was closed, PennDot wrote High Tech an order implementing the $5,000 fine and two (2) year suspension. The April 14th order required High Tech to present a check for a fine and all related emissions items. Moreover, the letter notified High Tech of its appeal rights to be exercised *within thirty (30) days of the date of the order*.

When High Tech reopened on May 3, 2010, a PennDot representative arrived to confiscate High Tech's emission inspection items. The representative filed a report that referenced a failed attempt to serve suspension when High Tech was closed.

High Tech alleges it first received notice on May 3, 2010. Furthermore, High Tech claims it read the April 14th order to mean it had thirty (30) days to appeal after receipt. In reality, the appeal period was thirty (30) days from April 14, 2010.

High Tech appealed on May 26, 2010, twelve (12) days after the thirty (30) day appeal period had expired. Furthermore, the originally mailed April 14th order was discovered the next day on May 27, 2010 in High Tech's files. Based on that discovery, High Tech filed a petition to appeal nunc pro tunc. Petitioner now appeals our denial of nunc pro tunc relief.

There are three issues raised in High Tech's appeal. First, High Tech claims this court erred in denying the petition when there was apparent confusion about the appeal period. Second, High Tech argues said petition was improperly denied because the April 14th suspension order did not indicate a mailing date. Without this date, High Tech claims it could not determine the proper appeal period. Finally, petitioner suggests this court erred by not issuing a rule to show cause as required by Pa. R. Civ. P. 206.4 and 206.6 and Phila. Civ. R. P. 206.4(c) for petitions filed under Pa. R. Civ. P. 206.1. High Tech argues this resulted in adjudication on disputed facts without oral argument.

## Discussion

High Tech's petition to appeal nunc pro tunc should be denied. "The decision whether to permit an appeal nunc pro tunc is an equitable matter and this court's scope of review is limited to a determination of whether the trial court has abused its discretion or committed an error of

law." *PennDot, Bureau of Traffic Safety v. Rick*, 462 A.2d 902, 903 (Pa. Commw. Ct. 1983) (citing *Sergei v. The School District of the City of Pittsburgh*, 368 A.2d 1359 (Pa. Commw. Ct. 1977)). A hard, steadfast deadline for filing an appeal "cannot be extended as a matter of grace or mere indulgence." *Bass v. Commonwealth*, 485 Pa. 256, 259, 401 A.2d 1133, 1135 (1979) (internal citations omitted). To obtain nunc pro tunc relief, movant must demonstrate his or her failure to file a timely appeal was "due to fraud, a breakdown in the judicial or administrative system or a non-negligent happenstance." *Id.* (citing *West Penn Power Co. v. Goddard*, 333 A.2d 909 (1975)).

We address the two substantive issues first. There was no fraud or administrative breakdown warranting relief. Petitioner claims commencement of the appeal period was confusing since there was no mailing date on the April 14th suspension order ("order"). However, High Tech's two substantive arguments are rebutted by the order's plain language (See petitioner's petition to appeal, Ex. B). The fourth paragraph explains how to appeal. It states "[y]ou have the right to appeal this departmental order of suspension and fines to the court of common pleas of the county in which the above referenced inspection station is located, WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER." (emphasis in original). The language is plain on its face. The order was dated April 14, 2010. The appeal period commenced on April 14, 2010 and lasted for 30 days. There is no ambiguity. Moreover, the language is presented in all capital letters and in boldface so anyone would specifically notice it. Once Keo received the letter on May 3, 2010, he knew or should have known the proper appeal period. Moreover, the mailing date was

irrelevant since the April 14, 2010 date controlled. Even on May 3, 2010, High Tech still had eleven (11) days until May 14, 2010 to file its appeal. There was neither fraud nor administrative breakdown.

It should be noted Keo could and should have had an agent check High Tech's mail during his one month vacation since he had received a letter about an impending suspension a few days before leaving. (See petitioner's petition to appeal, Ex. A). The March 30, 2010 letter informed Keo of his options and gave him fifteen (15) days to respond. He neither exercised the options nor responded. Furthermore, the letter informed him if there was no response within that time period, PennDot would issue an official suspension Notice. Hence, Keo was put on actual or at least constructive notice of a suspension order arriving by mid-April. The letter was in High Tech's files and Keo had constructive possession. PennDot cannot be held responsible for High Tech's negligent handling of such an important and *anticipated* document. Hence, Keo's negligent actions detrimentally affected High Tech. Therefore, there is no substantive reason to grant relief.

Petitioner also makes a procedural argument. High Tech claims this court erred in not issuing a rule to show cause and allegedly denied movant a hearing over "disputed factual issues." Petitioner did attach a proposed order for rule to show cause that complied with Pa.R. Civ.P. 206.6. However, this court was not required to issue one and the argument should be rejected. Under Phila. R. Civ.P. 206.4(c), this county had adopted the Pa. R. Civ. P. 206.6 rule to show cause process for all "petitions" filed pursuant to Pa. R. Civ. P. 206.1 et seq.

20

petition to appeal nunc pro tunc is not one of the enumerated petitions to which the rule procedure applies. See Pa. R. Civ.P. 206.1 (listing only application to open a default judgment or judgment of non-pros as a "petition"); Phila. R. Civ.P. 206.1(a) (listing other applications designated as "petitions"). Hence, we were not required to issue a rule to show cause here.

## Conclusion

For the reasons stated above, our order denying petitioner nunc pro tunc relief should not be disturbed.