## Pittsburgh *v.* Ionadi.

Argued November 3, 1972 before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Eugene B. Strassburger, III,* Executive Assistant City Solicitor, with him *Ralph Lynch, Jr.,* City Solicitor, for appellant.

*Frank P. G. Intrieri,* with him *Jubelirer, McKay, Pass & Intrieri,* for appellee.

OPINION BY JUDGE BLATT, February 13, 1973:

Paul Ionadi, the appellee, is employed by the City of Pittsburgh as a sweeper operator, and was informed on September 8, 1971 by the Director of the City's Department of Public Works that he was being suspended for thirty days. The reasons given for the suspension were Ionadi's alleged insubordination, his threats against his supervisor and his failure to cooperate in an investigation of vandalism.

Ionadi appealed his suspension to the City's Civil Service Commission (Commission), but the Commission dismissed his appeal on the basis that §20 of the Second Class City Civil Service Act, Act of May 23, 1907, P. L. 206, 53 P.S. §23453, permits the suspension of an employe for up to thirty days without need for a hearing. Ionadi then appealed to the Court of Common Pleas of Allegheny County, which sustained the appeal and ordered the Commission to give him a hearing.

The sole issue here is whether or not §20 of the Second Class City Civil Service Act permits an employe of the City of Pittsburgh to be suspended for a thirty-day period without thereafter having the benefit of a hearing by the Commission.[1] Section 20 states

---

[1] It might be argued that Ionadi had a right of appeal directly to the Court of Common Pleas pursuant to the Local Agency Law, Act of December 2, 1968, P. L. 1133, 53 P.S. §§11301, et seq. We do not decide that question here, however, because the sole issue raised by Ionadi is his right to appeal to the Civil Service Commission.

that: "No officer, clerk, or employe, in the competitive class or in the noncompetitive class of the classified civil service of any city of the second class, who shall have been appointed under the provisions of this act, or of the rules made pursuant thereto, shall be removed, discharged, or reduced in pay or position except for just cause, which shall not be religious or political. Further, no such officer, clerk, or employe shall be removed, discharged, or reduced, except as provided in section eight of this act, until he shall have been furnished with a written statement of the reasons for such action, and been allowed to give the removing officer such written answer as the person sought to be removed may desire. In every case of such removal or reduction a copy of the statement of reasons therefor, and of the written answer thereto, shall be furnished to the civil service commission, and entered upon its records. *Nothing in this act shall limit the power of any officer to suspend a subordinate for a reasonable period, not exceeding thirty days*: Provided, however, That successive suspensions shall not be allowed, except in special cases, where reasons of public importance make it necessary, and where the permission of the commission has first been obtained and recorded upon its public records. Nothing in this act shall alter the procedure required for the removal or punishment of policemen and firemen, as provided in the act of March seventh, one thousand nine hundred and one, relating to the government of cities of the second class." (Emphasis added.) Clearly, this section permits any officer of the City to suspend a subordinate for "a reasonable period, not exceeding thirty days" without following the other provisions of the Act, and, there is nothing elsewhere in the Act which in any way qualifies this broad right to suspend. As such, this law differs from the comparable provision for Cities of the First Class contained in the Act of June 25, 1919, P. L. 581,

§18, as amended, 53 P.S. §12638, which specifically provides that the Civil Service Commission may investigate every suspension. It is similar, however, to §4408 of the Third Class City Code, Act of June 23, 1931, P. L. 932, as amended, 53 P.S. §39408 which permits an employe to be suspended up to ten days "without preferring charges and without a hearing of council. . . ."

The only appellate case which has dealt directly with the applicable portion of §20 of the Second Class City Civil Service Act is *Taskey v. Pittsburgh,* 123 Pa. Superior Ct. 573, 187 A. 292 (1936). In that case a patrolman sought to recover wages for 52 days during which he had been suspended, several suspensions having been imposed separately at various times throughout the year, all without benefit of a hearing. The Superior Court there held that the employe had acquiesced in the suspensions at the time they were made, but that, if he had had reason to believe that he had been suspended in violation of the provisions of the applicable Civil Service Act, his recourse would have been to appeal to the Civil Service Commission. The statement of the Superior Court in this case that a suspended employe may appeal to the Commission might on first light seem to contradict other statements made by the Court in the same opinion to the effect that: "Under Section 20 of the Act of 1907 . . . appellant's superiors had power to suspend him for a period not exceeding thirty days without hearing and decision. . . . The power to suspend under section 20 . . . is sufficiently comprehensive to include a directed furlough without pay. . . . There is nothing in the act that prevented the suspension . . . of the appellant for a period not exceeding thirty days, without the permission of the civil service commission. . . ." 123 Pa. Superior Ct. at 578-579, 187 A. at 294-295. A reasonable interpretation of *Taskey,* however, would appear to be that a suspension is not appealable unless it was im-

posed in violation of the Act. For example, inasmuch as the suspensions in *Taskey* totaled 52 days, it was arguable that there had been a suspension in excess of thirty days or else that successive suspensions had been improperly imposed. Such would appear to be some of the few, if not the only, reasons for appealing a suspension imposed under §20, for it specifically states that "[*N*]*othing in this act* shall limit the power of any officer to suspend." (Emphasis added.)

We find, therefore, that §20 permits an officer of a Second Class City to suspend an employe whom he supervises for any reasonable period not exceeding thirty days, and that an employe so suspended has no right to a hearing before the Civil Service Commission. The Director of the Department of Public Works consequently had the authority to suspend Ionadi, did so suspend him, and Ionadi's appeal to the Civil Service Commission was properly dismissed.

It seems clear that Ionadi appealed because he wished to contest his suspension on the grounds that it was unwarranted. The law applicable here, however, gives him no right to a hearing on such grounds. We must, therefore, reverse the judgment of the lower court and hold that the Commission acted correctly by refusing to accept Ionadi's appeal.