Patricia Rylke, William Ramus, Janet Humphrey, and The Portage Area Education Association, Appellants, *v.* The Portage Area School District, Appellee.

Argued May 5, 1975, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Randall C. Rodkey,* with him *Abood, Rodney & Eckel,* for appellants.

*Ferdinand F. Bionaz,* with him *Bionaz and Raptosh,* for appellee.

*William Fearen,* with him *Cleckner and Fearen,* for amicus curiae, Pennsylvania School Boards Association.

*Leonard M. Sagot,* with him *Thomas W. Jennings, Randall J. Sommovilla,* and, of counsel, *Teitelman, Sagot, Herring, Jennings & Luber* for amicus curiae, Philadelphia Federation of Teachers.

OPINION BY JUDGE MENCER, July 7, 1975:

We have for consideration an appeal from an order of the Court of Common Pleas of Cambria County sustaining preliminary objections in the nature of a demurrer filed by the Portage Area School District (appellee) to a complaint in mandamus filed by three individuals, professional employees of appellee, and the Portage Area Educational Association (Association), who are the appellants here.[1]

The Association is the certified bargaining representative for the professional employees of appellee and entered into a collective bargaining agreement with appellee for the period of July 1, 1971 to June 30, 1973. On or about May 23, 1973, the individual appellants were notified in writing that they were suspended effective the end of the 1972-73 school year. The suspension was made under the provisions of Section 1124 of the Public School Code of 1949, Act of March 10, 1949, P. L. 30, *as amended,* 24 P.S. §11-1124.[2]

───────

1. Although elected school directors are indispensable parties in an action of mandamus and the failure to join them as parties deprives the court of jurisdiction, we do not, because of our affirmance here, remand for the purpose of affording appellants the opportunity to make the necessary amendment. *See Commonwealth ex rel. McBride v. City of Wilkes-Barre,* 72 Dauph. 327 (1958).

2. Section 1124 provides:
"Any board of school directors may suspend the necessary number of professional employes, for any of the causes hereinafter enumerated:

Appellants' complaint in mandamus avers that the appellee is required under the terms of the agreement between the Association and appellee to submit the suspensions of the individual plaintiffs to binding arbitration. Appellee refused to do so. The agreement in question here provides in pertinent part as follows:

"VIII. Job Security and Job Progression

"The Pennsylvania School Code includes certain job security provisions, certification, and other regulatory provisions associated with various classes of employes. The parties hereby aver that such provisions of the School Code represent their complete agreement and that said provisions shall govern the manner in which the job security, job progression, and reduction in force practices shall be effected with respect to members of the bargaining unit .

"In the event that additional provisions not inconsistent or in conflict with those enumerated in the School Code shall be agreed upon by the parties with respect to job security, job progression, and reduction in force, such provisions shall be made a part of

"(1) Substantial decrease in pupil enrollment in the school district;

"(2) Curtailment or alteration of the educational program on recommendation of the superintendent, concurred in by the board of school directors, approved by the Department of Public Instruction, as a result of substantial decline in class or course enrollments or to conform with standards of organization or educational activities required by law or recommended by the Department of Public Instruction;

"(3) Consolidation of schools, whether within a single district, through a merger of districts, or as a result of joint board agreements, when such consolidation makes it unnecessary to retain the full staff of professional employes;

"(4) When new school districts are established as the result of reorganization of school districts pursuant to Article II, subdivision (i) of this act, and when such reorganization makes it unnecessary to retain the full staff of professional employes."

Appendix C which shall be made part of this agreement."

We must conclude that the learned lower court was totally correct when it stated:

"The language of this section is clear and unambiguous. It provides the parties are in 'complete agreement,' that provisions of the [Public School Code of 1949] 'shall govern the manner in which the job security, job progression, and reduction in force practices shall be effected. . . .' That this was the intent of the section is evident in its concluding paragraph, which states that additional provisions 'not inconsistent or in conflict' with Code provisions, upon agreement shall be made part of Appendix C. A review of Appendix C indicates no provision had been included relating to reduction in force practices. Thus, Section VIII prevails, and the reduction in force resulting in the suspension of the three plaintiffs is properly made under Sections 1124 and 1125 of the Code [24 P.S. §§11—1124 to—1125]."

According, the appellants' complaint in mandamus[3] fails to state a cause of action and appellee is not obligated to submit the suspension questioned here to the grievance and binding arbitration procedures provided for under the collective bargaining agreement.

Order affirmed.

---

3. Mandamus is an extraordinary writ which lies to compel the performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and a want of any other appropriate and adequate remedy. *Martin v. Garnet Valley School District*, 441 Pa. 502, 272 A. 2d 913 (1971). The suspension of an employe under Section 1124 of the Public School Code of 1949 must be in accord with the provisions of Section 1125 of the Code and is subject to judicial review. Here, appellants have not averred that the suspensions were not made upon the basis of the factors enunciated in Section 1125.