Paul H. Rike, Petitioner *v.* Commonwealth of Pennsylvania, Secretary of Education, Respondent.

Argued May 11, 1983, before Judges ROGERS, BLATT and CRAIG, sitting as a panel of three.

*Robert E. Durrant, Meyer, Darragh, Buckler, Bebenek & Eck,* for petitioner.

*Donna S. Weldon,* Counsel, with her *Michael A. Davis,* Chief Counsel, for respondent.

*Reed B. Day, Peacock, Keller, Yohe, Day & Ecker,* for intervenor, Peters Township School District.

*William Fearen,* with him *Michael I. Levin, Cleckner and Fearen,* for Amicus Curiae, Pennsylvania School Boards Association.

OPINION BY JUDGE ROGERS, September 20, 1983:

Paul H. Rike, a professional school employee, here seeks review of the order of the Secretary of the Commonwealth Department of Education dismissing, on the ground of lack of subject matter jurisdiction, Rike's appeal from his disciplinary suspension by the Board of School Directors of the Peters Township School District.

The cause of Rike's difficulties with his employer is not now directly in issue. It will suffice to record on this score that Rike was accused by a female cafeteria worker at the Peters Township Middle School where Rike had been a mathematics teacher for fifteen years of making comments, suggestions and invitations which were believed by their recipient to embody or intimate unwelcome invitations by Rike that he and the cafeteria employee engage in sexual intercourse. Rike admitted the oral comments complained of at a hearing before the school board. He asserted, however, that only a minor flirtation was contemplated which he thought was welcomed by, or at least not offensive to, the complainant; that his advances were made in a playful manner, and were not objected to at

the time they were made; and that they were made on occasions when teachers and many students were present in the general vicinity. He also asserted, and the complainant agreed, that the conduct which his words invited was never accomplished or attempted to be accomplished in deeds.

Following an investigation of the complaint by the district's superintendent of schools, Rike was notified by letter dated June 3, 1981, that the superintendent was

> considering a recommendation to the Board of Directors . . . that your contract be terminated pursuant to the provisions of Section 1122 of the Public School Code of 1949 [Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §11-1122 (Code)].
>
> . . . .
>
> The specific charges on which the recommendation for termination would be based are: Immorality [and] Cruelty.

The recommendation was subsequently accepted by the Board, Rike was notified of this fact, and evidentiary hearings were conducted at which Rike was represented by counsel and testified in his own behalf. Testimony was also received from his accuser, administrators, and others. On the basis of this evidence the Board concluded that Rike's conduct constituted "sexual harassment".

On the issue of whether Rike's conduct justified his discharge for immorality and cruelty, the Board was divided. After receiving the opinion of counsel specially appointed to assist the Board that a two-thirds vote of the members of the Board was necessary to effect a discharge, the Board voted by a margin of five to three to suspend Rike without pay or

other benefits. The suspension was to commence on October 26, 1981, and to last during the remainder of the 1981-1982 school year.

The issues here presented are: did the school board have authority to suspend Rike, a professional employee, for disciplinary reasons after less than two-thirds of its members voted for dismissal, and what was the correct forum for review of the board's decision to suspend. The Secretary, relying principally on our decision in *Central Westmoreland Area Vocational—Technical School v. Scanlon,* 54 Pa. Commonwealth Ct. 435, 421 A.2d 861 (1980), decided that he was without subject matter jurisdiction of Rike's appeal. The case just cited, and many others, hold that suspension decisions related to professional school employees, governed by Code Section 1124, 24 P.S. §11-1124, must be initially reviewed by the Courts of Common Pleas pursuant to the Local Agency Law, 2 Pa. C. S. §551 *et seq. See e.g. Shestack v. General Braddock Area School District,* 63 Pa. Commonwealth Ct. 204, 437 A.2d 1059 (1981); *Norwin School District v. Chlodney,* 37 Pa. Commonwealth Ct. 284, 390 A.2d 328 (1978); *Fatscher v. Springfield School District,* 28 Pa. Commonwealth Ct. 170, 367 A.2d 1130 (1977); *Rylke v. Portage Area School District,* 20 Pa. Commonwealth Ct. 158, 341 A.2d 233 (1975) *rev'd on other grounds* 473 Pa. 481, 375 A.2d 692 (1977); *Smith v. Board of School Directors of The Harmony Area School District,* 16 Pa. Commonwealth Ct. 175, 328 A.2d 883 (1974).

The difficulty here, as the parties agree, is that in none of the authorities cited nor in any other brought to our attention has the question of the proper procedure for the review of *disciplinary* suspensions been presented or decided. The suspensions described in Code Section 1124 and made the subject of past appeals were non-disciplinary layoffs or furloughs made

on account of decline in student enrollment or consolidation of schools or, as in the *Central Westmoreland* case, election of the professional employee to an incompatible office. More importantly in our view, none of the "suspension cases" heretofore decided have been commenced and prosecuted by the school boards as dismissal proceedings under Code Section 1122, with the final decision being to suspend instead of dismiss after failure to obtain the required two-thirds majority for dismissal.

Section 1131 of the Code vests appellate jurisdiction in the Secretary "[i]n case the professional employe concerned considers himself or herself aggrieved by the action of the board of school directors. . . ." The board's action referred to is described in Sections 1127 through 1130, whose sections are titled, respectively, "Procedure on dismissals"; "Subpoenas"; "Vote required for dismissals" and "Notice of discharge; procedure on decision favorable to employe." Section 1129 is particularly pertinent and provides, in part, as follows:

### *Vote required for dismissals*

> After fully hearing the charges or complaints and hearing all witnesses . . . and after full, impartial and unbiased consideration thereof, the board of school directors shall by a two-thirds vote of all the members thereof, to be recorded by roll call, determine whether such charges or complaints have been sustained and whether the evidence substantiates such charges and complaints, and if so determined shall discharge such professional employe. *If less than two-thirds of all of the members of the board vote in favor of discharge, the professional employe shall be retained and the complaint shall be dismissed.* (Emphasis supplied.)

Thus, we believe that the Code forbids the Board from taking the action here taken, the suspension of a tenured teacher for almost a year, after dismissal proceedings in which two thirds of the members failed to vote for discharge. In this situation, as the Code so clearly mandates, "the professional employe shall be retained and the complaint shall be dismissed."

The next issue is that of the appropriate forum for the professional employee to appeal the board's action. We return for an answer to Code Section 1131 which, it will be recalled, authorizes the Secretary to entertain appeals by means of petitions of professional employees "aggrieved by the action of the board of school directors . . ." taken pursuant to Code Sections 1127-1130. In our view, Rike, having been charged and suspended under Section 1122, is within the class of employees aggrieved by an action of the school board taken pursuant to Code Sections 1127-1130, so that his appeal was properly taken to the Secretary. The case is analogous to *Kaplan v. School District of Philadelphia*, 388 Pa. 213, 130 A.2d 672 (1957) where the Supreme Court held that the Secretary has jurisdiction of appeals of professional employees suspended during the pendancy of dismissal proceedings.

The Secretary therefore erred concerning his jurisdictional authority and his order must be reversed. However, because we have decided that the school board was without power under Section 1129 to suspend Rike, having failed to vote for dismissal by the required two-thirds of its members, we will reverse the order of the Secretary of Education and remand the record to the Secretary with direction that the order of the Peters Township Board of School Directors be reversed.

Finally, we emphasize that the issue of the school board's power generally to discipline professional em-

ployees by suspension is not presented and has not been decided in this case. We have suggested in the margin several possible sources of authority by which such discipline may be effected and there may be others; but none of these are here involved.[1]

---

[1] In *Stroudsburg Area Board of Education v. Pennsylvania Labor Relations Board*, 39 Pa. Commonwealth Ct. 200, 395 A.2d 622 (1978) we held that discipline, including suspension, might properly be provided for in the collective bargaining agreement executed by a school district employer and the bargaining representative of a unit of professional employees. In its written argument presented to this Court, the school district asserts that a "just cause" provision, the contents of which is otherwise undisclosed in this record, of the collective bargaining agreement supports the decision of the board in this case. We cannot determine the effect of the provision referred to as it has not been provided to us. Of course, if Rike's cause is in fact for violation of a contractual provision then, in the light of Section 903 of the Public Employee Relations Act, Act of July 23, 1970, P.L. 563, 43 P.S. §1101.903, his remedy is by means of arbitration; a position which no party to this proceeding has taken. We also note that Code Section 510, 24 P.S. §5-510 empowers the board to "adopt and enforce such reasonable rules and regulations as it may deem necessary and proper, regarding . . . the conduct and deportment of all . . . teachers . . . during the time they are engaged in their duties to the district." It is not argued that the board had here adopted a rule of conduct—for example one proscribing sexual relations with fellow employees—which it enforced by suspending Rike. Instead, the board's action was expressly predicated on Code Section 1122. One case, not before cited in these proceedings, stands for the proposition that rules adopted pursuant to Code Section 510 do not justify disciplinary suspension of professional school employees. *McCormick v. School District of the Borough of Shenandoah*, 9 Sch. Reg. 185 (1943) *aff'd* 154 Pa. Superior Ct. 245, 35 A.2d 902 (1944). We express no opinion on this issue.

The usefulness of rules adopted pursuant to Code Section 510 can be seen in this situation. Consider a hypothetical case—dismissal charges are brought against a tenured teacher for incompetency. This charge must under the Code be supported by two consecutive unsatisfactory ratings. At the hearing on the charges the fact and accuracy of the unsatisfactory ratings are proved but facts

244

Order reversed; record remanded to the Secretary with direction to enter an order reversing the order of the Peters Township Board of School Directors, suspending the petitioner from his employment.

### ORDER

AND Now, this 20th day of September, 1983, the order of the Secretary of Education in the above-captioned matter is hereby reversed and the record is remanded to the Secretary with direction to enter an order reversing the order of the Board of School Directors of the Peters Township School District, suspending the petitioner from his employment.

---

in mitigation including the teacher's earnest plan of self-improvement are also demonstrated to the board's satisfaction. Nevertheless, if the charges are legally sufficient upon a two-thirds vote to that effect the board would be compelled to dismiss the teacher. However, if an appropriate rule were adopted no reason appears why the board could not on the basis of the rule invoke a penalty less severe than dismissal.