494 A.2d 1388

Paul H. RIKE, Appellee,

v.

COMMONWEALTH of Pennsylvania, SECRETARY OF
EDUCATION and Peters Township School District.

Appeal of PETERS TOWNSHIP SCHOOL DISTRICT.

Paul H. RIKE, Appellee,

v.

COMMONWEALTH of Pennsylvania, SECRETARY OF
EDUCATION and Peters Township School District.

Appeal of COMMONWEALTH of Pennsylvania,
SECRETARY OF EDUCATION.

Supreme Court of Pennsylvania.

Argued March 8, 1985.

Decided June 26, 1985.

Reed E. Day, Peacock, Keller, Yohe, Day & Ecker, Washington, for Peters Township School Dist.

Donna S. Weldon, Linda J. Wells, Harrisburg, for Com. of Pa., Secretary of Educ.

William Fearen, Michael I. Levin, Cleckner & Fearen, Kent H. Patterson, Harrisburg, for amicus curiae Pennsylvania School Boards Assn.

Robert E. Durrant, Pittsburgh, for Paul H. Rike.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Appellee Rike was accused by a female employee of the school district where he was employed, of sexual "harass-

ment" in the form of comments believed by their recipient to embody unwelcome sexual invitations. Following an investigation of the complaint by the district superintendent, Rike was notified by letter that the superintendent was "considering a recommendation to the Board of Directors of the Peters Township School District that [Rike's] contract be terminated pursuant to the provisions of Section 1122 of the Public School Code of 1949 as amended." * Notice of the hearing advised Rike of the charges against him; the date, time and place of the hearing; and that the hearing would be conducted in accordance with procedures legislatively prescribed in Section 1127 of the Public School Code, 24 P.S. § 11–1127 (1979), i.e., that the Board would hear testimony of the school administration and its witnesses and would afford Rike the opportunity to present testimony and cross examine witnesses, that testimony would be recorded by a disinterested public stenographer, and that Rike could have representation at the hearing. The notice further advised that the Board would fully, impartially and unbiasedly consider the charges and the evidence to determine whether Rike's employment should be continued "or whether some other discipline is warranted and if so, the type of discipline to be imposed." At the hearing, Rike admitted making the comments complained of. After the hearing, bifurcated as to the questions of fact and discipline, all eight Board members present found that Rike had committed acts of cruelty and immorality; and, by a vote of 5–3, the hearing Board suspended Rike without pay or other benefits for the remainder of the 1981–1982 school year. Later, this adjudication was ratified by a 6–3 vote of the entire Board.

* With certain exceptions not here relevant, Section 1122 provides:
> The only valid causes for termination of a contract heretofore or hereafter entered into with a professional employe shall be immorality, incompetency, intemperance, cruelty, persistent negligence, mental derangement, advocation of or participating in un-American or subversive doctrines, persistent and wilful violation of the school laws of this Commonwealth on the part of the professional employe....

24 P.S. § 11–1122 (1979).

Challenging the Board's action on the grounds (1) that the Board had no power to suspend under the Public School Code and (2) that no discipline could be imposed in the absence of two-thirds approval of the Board, Rike appealed to the Secretary of Education. The Secretary dismissed the appeal for lack of jurisdiction. Commonwealth Court, 77 Pa.Cmwlth. 237, 465 A.2d 720, reversed, held the Board was without authority to impose a disciplinary suspension after a dismissal hearing where there were not enough votes to suspend, and ordered the record remanded to the Secretary with instructions to enter an order reversing Rike's suspension. The Commonwealth, Secretary of Education and the Peters Township School District were granted allowance to appeal. The Pennsylvania School Boards Association has participated in this appeal as amicus curiae. For the reasons that follow, we reverse.

■ School boards are local agencies, 2 Pa.C.S.A. § 101, and jurisdiction of appeals therefrom is vested generally in the courts of common pleas, 42 Pa.C.S.A. § 933(a)(2). The Public School Code provides exceptions to this appellate jurisdiction of common pleas court for decisions of school boards dismissing or demoting tenured teachers, 24 P.S. §§ 11–1131, 11–1151, and for disputes over accumulated sick leave, 24 P.S. § 11–1154. In these cases, jurisdiction of the appeals is vested in the Secretary of Education. *Id.* As Rike was given a disciplinary suspension without pay or other benefits for the remainder of the school year, appeal of the Board's adjudication was not within the jurisdiction of the Secretary.

■ Rike's argument that jurisdiction of his appeal is vested in the Secretary because the suspension was imposed for causes justifying dismissal enumerated in Section 1122 of the Code, 24 P.S. § 11–1122, and after a dismissal hearing was conducted according to the procedures mandated in Section 1127, 24 P.S. § 11–1127, when dismissal of a tenured teacher is sought, is unavailing. Simply stated, an appeal lies, not from the proceeding, but from the adjudication. Instantly, the adjudication was that Rike be suspend-

ed for the balance of the school year. A suspension, being a temporary form of discipline, is not a dismissal, which is a complete and permanent termination of employment. As the Secretary's administratively appellate jurisdiction is limited to demotions and dismissals, the Secretary cannot have jurisdiction of appeals from orders imposing disciplinary suspensions.

Rike's argument that the Board was without power to suspend after conducting a hearing pursuant to Sections 1122 and 1127 is likewise without merit. That a board of school directors possesses the authority to impose lesser forms of discipline than complete termination of a tenured teacher's contract is by now beyond question. The general assembly, in whom our constitution reposes the responsibility of establishing the parameters of administering the education of our youth, PA CONST. Art. III, Section 14, has created school districts and imbued them with "all necessary powers to enable them to carry out the provisions of this act," 24 P.S. § 2–211, including the power to employ teachers, 24 P.S. § 11–1106. Inherent in the school district's power to employ is the power to control certain activities of teachers, *Kaplan v. Philadelphia School District*, 38 Pa. 213, 130 A.2d 672 (1957). As stated by Mr. Justice (now Chief Justice) Nix in *Neshaminy Fed. of Teachers v. Neshaminy School District*, 501 Pa. 534, 545, 462 A.2d 629, 635 (1983): "The power to regulate conduct, of course, would be illusory absent a concomitant power to enforce rules through the imposition of some form of discipline."

The procedural safeguards afforded tenured teachers are set forth in Sections 1122 through 1131 of the Code. Section 1122, *supra*, provides that contracts of tenured teachers may be terminated for, *inter alia*, immorality, cruelty and persistent and wilful violation of the school laws of this Commonwealth. When dismissal of a tenured teacher is sought on these grounds, the teacher must be afforded a hearing conducted in accordance with the procedures enumerated in Section 1127, 24 P.S. § 11–1127. Based on his investigation of the serious charges lodged against Rike by

his co-worker, the superintendent concluded dismissal was an appropriate sanction. The superintendent clearly notified Rike of his intention to seek dismissal or, failing that, some lesser form of discipline from the Board. Prior to the hearing no one could have known what form of discipline, if any, would ultimately be determined by the Board to be appropriate. Thus, as dismissal was sought, a Section 1127 hearing was conducted. After the hearing, the hearing Board unanimously accepted the charges; however, they obviously did not agree with the superintendent that Rike's misconduct warranted termination of his contract. Instead, the hearing Board voted 5–3 to impose a lesser form of discipline. The mere fact that discipline was imposed after a dismissal hearing does not render the discipline imposed a dismissal vesting appellate jurisdiction in the Secretary.

We will not address Rike's claim that a power to impose disciplinary suspensions contravenes the legislative will because it raises the possibility that Boards will impose suspensions of such lengthy duration as to be tantamount to terminations. Such a case is not before us.

 Rike argues it was improper for the Board to impose a suspension by vote of less than the number required to effect a dismissal. We view this assertion as being without merit.

The teacher tenure provisions of the Public School Code were enacted to improve public education by protecting teachers from ouster without cause at the complete and unbridled discretion of school boards. *In re: Swink*, 132 Pa.Super. 107, 200 A. 200 (1938). To this end, the general assembly provided that contracts of tenured teachers could only be terminated after observance of certain prescribed procedural safeguards. One of these provisions is that no teacher's dismissal may be effected without approval of two-thirds of the entire board. 24 P.S. § 11–1129. In contrast to the clear expression of legislative intent that the most drastic form of discipline be accomplished only with the approval of two-thirds of the entire board, the Public School Code is totally silent as to what protections must be afforded tenured teachers prior to the imposition of lesser

forms of discipline. If the legislature intended to require two-thirds approval of the board every time a teacher is disciplined, they could have inserted such a provision in the Code. Their not having done so, we cannot add it, and thus we cannot embrace Rike's suggestion that tenured teachers cannot be disciplined on the vote of a simple majority of the entire board.

■ The parties have raised a question as to whether a disciplinary suspension may be imposed pursuant to an action under a collective bargaining agreement. As the collective bargaining agreement between the parties is not in the original record before us, and as such an issue is not squarely presented in the facts of the instant controversy, we decline to address the issue at this time.

We hold that imposition of the disciplinary suspension in this case was not improper, and that any appeal from the order of the hearing board lies in the court of common pleas. Thus, we reverse the order of Commonwealth Court.

Reversed.

LARSEN, J., filed a dissenting opinion.

LARSEN, Justice, dissenting.

I dissent and would affirm on the basis of the opinion of the Commonwealth Court authored by the Honorable Theodore O. Rogers.