609 A.2d 209

**CITY OF PITTSBURGH, DEPARTMENT OF PUBLIC SAFETY, BUREAU OF POLICE, Appellant,**

v.

**Lillian ROBERTS, Appellee.**

**CITY OF PITTSBURGH, DEPARTMENT OF PUBLIC SAFETY, BUREAU OF POLICE, Appellant,**

v.

**Francis M. BUTLER, et al., Fraternal Order of Police Fort Pitt Lodge No. 1, Appellees.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1992.

Decided May 1, 1992.

---

**3.** *See* Section 611 of the Eminent Domain Code, 26 P.S. § 1–611.

582

Richard J. Joyce, Asst. City Sol. and Mary K. Conturo, City Sol., for appellant.

Bryan Campbell, for appellees.

Before PALLADINO, and KELLEY, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

Before us is a consolidated appeal by the City of Pittsburgh, Department of Public Safety, Bureau of Police (City) from two orders of the Court of Common Pleas of Allegheny County, dated April 8, 1991, which affirmed in part the decisions of the Personnel Appeals Board of the City and directed that certain police officers, appellees herein, be restored to their prior status as detectives, with their rates of pay to be adjusted accordingly.

### 1042 C.D.1991

On May 12, 1986, the City's Director of Public Safety issued an order transferring nine police personnel from assignments in the investigations branch, where they worked under the title of "detective," to assignments in the uniform branch, effective May 26, 1986.[1] Thereafter, some of the officers requested hearings before a police trial board; the requests were denied because the transfers were not considered to be demotions nor were they disciplinary actions in nature. *See* former Section 7 of the act popularly known as the Policemen's Civil Service Act, Act of August 10, 1951, P.L. 1189, *as amended*, 53 P.S. § 23537, *infra.*

By letter dated May 27, 1986, the nine officers requested a hearing before the City's Personnel Appeals Board (Board). The City filed a motion to quash the appeal, asserting lack of jurisdiction of the Board, which was denied by the Board.

---

1. The officers, appellees before us, are Francis M. Butler, Dorothy J. Abrams, Beverly E. Stewart, James R. Ramsey, Robert T. Perry, Wayne K. Joyce, Kurt J. Fischer, Robert E. Lee and Pamela M. Aulange.

Hearings were held before the Board on August 11, August 12 and September 9, 1986. By opinion and order dated November 26, 1986, the Board held that it had jurisdiction over the matter, that the transfers involved constituted demotions which the City carried out without prior notice and for which the City was required to demonstrate good cause. The Board ordered that the City pay to the officers the difference between their rate of pay as detectives and as personnel in the uniform branch from May 26, 1986 to the present, as well as money damages and attorney fees. The Board, in addition, directed that a copy of its opinion and order be issued to every City employee with their next paycheck.

The City appealed to the Court of Common Pleas of Allegheny County. By opinion and order dated April 8, 1991, the trial court affirmed the Board's decision in part, directing that the nine officers be restored to their prior status as detectives with back pay. The trial court vacated the Board's award of money damages, attorney fees, and the Board's order that its decision be distributed to every City employee.

### 1041 C.D.1991

On May 25, 1989, the City's Chief of Police issued an order transferring Lillian Roberts and William Terrell, appellees herein, from assignments in the investigations branch, where they served as detectives, to assignments as uniformed officers in a zone precinct, effective June 6, 1989.

The officers petitioned the Board to hear their complaint, alleging that such a transfer could be effected only for just cause. A hearing was conducted on August 28, 1989, over the City's objection. At the hearing, the City presented a motion to quash the appeal, arguing that the Board lacked jurisdiction based upon the limitations of its jurisdiction contained in the Pittsburgh Code.

The Board issued an opinion and order on October 25, 1989, wherein it determined that it had jurisdiction over the matter and that the City failed to demonstrate just cause

for its action. The Board ordered that the officers be restored to their rate of pay prior to June 6, 1989 with full back pay for the intervening time of service, and directed the City to pay attorney fees, expenses and costs.

The City appealed to the trial court. By opinion and order dated April 8, 1991, the trial court affirmed the Board's decision in part and directed that the officers be restored to their status as detectives with appropriate back pay. The trial court determined that the Board had no authority to award attorney fees, costs and expenses, and vacated that part of the Board's order.

The City's appeals of both orders of the trial court have been consolidated. The issues raised by the City are the same for both and are as follows: (1) whether the City's Personnel Appeals Board and the trial court erred in their determination that appellees possessed a due process right to adjudication regarding their transfer from detective positions to uniformed positions; and (2) whether the Board and the trial court erred in their determination that the Board had jurisdiction over the matter.

The City argues that the appellees herein possessed no property interest in the uninterrupted assignment as a detective, and that the right to due process exists only where there is a protected property interest; thus, the appellees enjoyed no due process rights regarding their reassignment from the detective branch to the uniform branch. The City next argues that, assuming such a due process right does exist in this matter, the Personnel Appeals Board lacked jurisdiction to hear these cases.

 Procedural due process requirements apply only when one is deprived of an interest encompassed within the Fourteenth Amendment protections of, *inter alia,* property. *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972); *Sasko v. Charleroi Area School District,* 121 Pa.Commonwealth Ct. 220, 550 A.2d 296 (1988). A determination of whether a substantive property right exists in employment turns upon the language of the rele-

vant statute, ordinance or contract that allegedly created the right. *Sasko.* The City emphasizes that the appellees herein suffered no loss of employment rights as a result of their reassignment to the uniform branch and argues that the appellees enjoyed no protected right to continued assignment as detectives. Accordingly, the City argues, the appellees were not entitled to due process protections with regard to their reassignments. We agree.

The statute governing the matter herein is the Policemen's Civil Service Act (Act). Section 6.1 of the Act, added by the Act of June 10, 1955, P.L. 147, *as amended,* 53 P.S. § 23536, consists of three unnumbered parts. Part one authorizes cities of the second class,[2] in addition to the existing powers of promotion in the bureau of police, to create additional classes of detectives.[3] The additional classes of detectives shall consist of members of the police bureau who have been assigned to such class of detective because of a particular aptitude for investigation, outstanding meritorious service, or unusual and exceptional bravery.

Part two of Section 6.1 sets forth the procedure for assignments to the additional classes of detectives. First, a member of the police bureau is recommended by his superior officer for assignment, then a police merit board is convened.

Part three of Section 6.1 continues the procedure for assignments to the additional classes of detectives. It provides that the police merit board shall hear such evidence as may be pertinent to the assignment to the additional class of detective and shall thereafter make its recommendation. The recommendation of the police merit board is then forwarded to the superintendent of police who shall endorse thereon his approval or disapproval of the merit board's finding. The report, with the endorsement of the

2. The City of Pittsburgh is a City of the Second Class and a Home Rule Charter municipality.

3. Section 6.1 provides that the additional classes of detectives shall "be designated as Detective Class I, Detective Class II and Detective Class III."

superintendent of police, is then submitted to the director of the department of public safety "who shall take such action thereon as in his discretion he deems proper." Section 6.1 also provides that in case of such assignment to an additional class of detective, the member of the police bureau so assigned shall retain his or her civil service status under the civil service laws then in effect. Of particular relevance in the present matter, Section 6.1 provides:

> Whenever for any reason within the discretion of the director of the department of public safety it is deemed necessary or desirable to reassign any such member [of the police bureau] to his former position the said director of the department of public safety shall have the right to make such reassignment....

Section 6.1 of the Act clearly establishes that appointment to an additional class of detective is discretionary and is not as of right even if the member of the police bureau is approved by the police merit board. Whatever further action is taken in whether or not assigned to a detective position, it in no way affects the member's status as a police bureau member and as under the civil service laws. The language of the statute clearly does not vest any rights to members of the police bureau who are assigned to the additional classes of detectives because assignment, as well as removal, are discretionary. Accordingly, there is no due process right to remaining as a detective nor to a hearing when the public safety department director, in the exercise of his discretion, reassigns a detective from one of the classes of detective to his or her former position within the police bureau.

■ Although our disposition of the due process issue is sufficient to reverse the trial court, we shall address the question of whether the City's Personnel Appeals Board had jurisdiction over the matter herein.

The Board was created by provisions of the Home Rule Charter. Section 701, 302 Pa.Code § 11.7-701, provides that the mayor shall propose a personnel system to council for approval and adoption by ordinance. Section 702, 302

Pa.Code § 11.7–702, established the Appeals Board. However, there is nothing in the Home Rule Charter setting forth the jurisdictional authority of the Board.

To implement the creation of the personnel system and Appeals Board as provided in the Home Rule Charter, the City enacted Ordinance 17 in 1978, "providing for a Comprehensive Merit Based Personnel System for the City of Pittsburgh." (R.R. 23a.) Section 4.3 of Ordinance 17 provides for the Appeals Board pursuant to the mandate of Section 702 of the Home Rule Charter. Section 4.4 of Ordinance 17 provides the jurisdictional authority of the Board, as follows:

> 4.4 Except where otherwise provided in a collective bargaining agreement or arbitration award,[4] the Appeals Board is authorized to hear and decide the following appeals: an appeal by a non-uniformed employee, at the option of the employee, from any disciplinary action by a major administrative unit head that the employee may now appeal to the Civil Service Commission; an appeal by a uniformed employee, at the option of the employee, from a decision of a trial board, as approved by the Mayor, or by the City, at its option, from a decision of a trial board as disapproved by the Mayor.... (R.R. 28a.) (Footnote added.)

Clearly, as provided in Section 4.4 of Ordinance 17, the appellees herein, as uniformed employees, were authorized to go before the Board *only* in instances where the matter in dispute was first determined by a police trial board; the appeal from such trial board goes to the Appeals Board. In the matter before us, the dispute was not determined first by the police trial board.

At the time of the events herein, the police trial board was set forth by the former Section 7 of the Act, 53 P.S.

---

4. There is no dispute between the parties that the situation at issue herein is not covered by a collective bargaining agreement or arbitration award.

§ 23537.[5] Section 7 of the Act provided in relevant part, as follows:

> No employee in the competitive class in any bureau of police in any city of the second class shall be removed, discharged or suspended for a period exceeding ten days as a penalty, or reduced in rank or pay without his written consent, except for just cause, which shall not be religious or political; nor, in any event, except by the decision of a court, either of trial or inquiry ... which court shall be composed of three persons employed in said bureau of police equal or superior in rank therein to the accused. Such decision shall only be determined by trial of charges, with plain specifications made by or lodged with the director of the department of public safety, of which trial the accused shall have due notice, and at which he shall have the right to be present in person and represented by a brother employe or any attorney-at-law to act as his counsel. ... Such charges may be of disability for service, in which case the court shall be one of inquiry, whose decision may be for the honorable discharge of the employe concerned; or, of neglect or violation of law or duty, inefficiency, intemperance, disobedience of orders, or unbecoming official or personal conduct, in which cases the court shall be one of trial, and its decision shall authorize the director of public safety to impose fines and pecuniary penalties, to be stopped from pay, or to suspend from pay or duty, or both, for a period fixed by them, not exceeding one year, or to dismiss from the service.

The police trial board was authorized to hear matters involving the removal, discharge or suspension, as a penalty, of a police officer, or instances in which an officer was reduced in rank or pay without his or her written consent, except for just cause. The City contends that although this section protects against an officer's being reduced in rank

5. Section 7 was amended by Act of March 20, 1990, P.L. 78. It currently provides only for summary dismissal of any employee in the police bureau who is convicted of a felony.

or pay without his or her written consent, this language does not apply to the appellees because they are detectives; the legislature created "classes" of detectives, rather than ranks, in Section 6.1 of the Act. In either event, the City contends that the present matter was not one to be properly heard before the police trial board in the first instance.

It is unnecessary for us to determine whether the police trial board was the proper forum for the appellees in the present case, nor is that question before us. We have noted the proper matters to be taken before the police trial board according to the former Section 7 of the Act for the purpose of interpreting the jurisdiction of the City's Personnel Appeals Board. As previously noted, Section 4.4 of Ordinance 17 authorizes the Personnel Appeals Board to hear an appeal by a uniformed employee from a decision of the police trial board. The Personnel Appeals Board only reviews the action of the police trial board, it is not a substitute for the police trial board. Finally, the fact that the City denied the requests of some of the appellees to go before the police trial board also does not confer jurisdiction over that complaint upon the Personnel Appeals Board.[6] An examination of the facts in this case demonstrates clearly that the Personnel Appeals Board did not have jurisdiction to hear this case.

For all of the foregoing reasons, we reverse the orders of the trial court.

### ORDER

AND NOW, this 1st day of May, 1992, the orders of the Court of Common Pleas of Allegheny County, dated April 8, 1991, in the above-captioned matters are reversed.

PELLEGRINI, J., did not participate in the decision in this case.

---

**6.** Such denials were not decisions of the police trial board. Further, neither the Home Rule Charter nor Ordinance 17 provides for an appeal to the Personnel Appeals Board from the denial of a request to go before a police trial board.