627 A.2d 276

**David KIELBOWICK, Jr., Petitioner,**

**v.**

**AMBRIDGE AREA SCHOOL BOARD, Respondent.**

Commonwealth Court of Pennsylvania.

Argued March 5, 1993.

Decided June 22, 1993.

Andrew M. Hladio, for petitioner.

Harry E. Knafelc, for respondent.

Before SMITH and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

SILVESTRI, Senior Judge.

The Ambridge Area School Board (Board) determined that David Kielbowick, Jr.'s (Kielbowick) status within the Ambridge Area School District (District) was that of a full-time substitute teacher pursuant to the Public School Code of 1949 (Code)[1] rather than a temporary professional employee. Kielbowick appealed the Board's determination to the Secretary of Education (Secretary) who dismissed the appeal for want of jurisdiction. This appeal by Kielbowick followed.

Prior to October of 1989, Kielbowick worked for District as a day to day substitute teacher.[2] The Board, at its October

[1]. Act of March 10, 1949, P.L. 30, *as amended*, 24 P.S. §§ 1–101–27–2702.

[2]. The Code, 24 P.S. § 11–1101, defines substitute as follows:

(2) The term "substitute" shall mean any individual who has been employed to perform the duties of a regular professional employe during such period of time as the regular professional employe is absent on sabbatical leave or for other legal cause authorized and

meeting, accepted the resignation of one of its full-time professional employees. The Board then hired Kielbowick to fill this position until the end of the 1989–1990 school year. At the end of the school year the position was permanently filled by someone other than Kielbowick.

Kielbowick filed a complaint in mandamus in the Court of Common Pleas of Beaver County (trial court) asserting that he had "acquired the rights and status of a temporary professional employee and had an expectation of continued employment pursuant to these rights."[3] (R.R. 129.) On January 24, 1992, the trial court dismissed Kielbowick's complaint and directed the Board to "hold a hearing for the purpose of determining the plaintiff's professional status."

A hearing was held before the Board on February 24, 1992. On May 21, 1992, the Board determined that at all relevant times between October of 1989 and June of 1990, Kielbowick was a full-time substitute teacher. Kielbowick appealed to the Secretary. On June 22, 1992, the Secretary issued the following order:

> AND NOW, this 22 day of June, 1992, it is hereby ordered that the appeal of David Kielbowick, Jr. is dismissed for lack of jurisdiction.

(Brief for Appellee, p. 2.)

Kielbowick before us argues that the Board erred in its determination that his employment status was that of a full-time substitute teacher and not a temporary professional employee; the Board asserts that the Secretary correctly dismissed Kielbowick's appeal for want of jurisdiction.

approved by the board of school directors or to perform the duties of a temporary professional employe who is absent.

3. The Code, 24 P.S. § 11–1101, defines a "temporary professional employe" as follows:

(3) The term "temporary professional employe" shall mean any individual who has been employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services have been terminated by death, resignation, suspension or removal.

School boards are local agencies, 2 Pa.C.S. § 101, and jurisdiction on appeal therefrom is generally vested in the courts of common pleas of the county wherein the school is located, 42 Pa.C.S. § 933(a)(2). The Code provides exceptions to the general appellate jurisdiction of the common pleas courts over appeals from school board determinations. Under 24 P.S. §§ 11–1131 and 11–1151, appellate jurisdiction from school board decisions dismissing or demoting tenured teachers is vested in the Secretary, as are appeals pursuant to 24 P.S. § 11–1154 involving disputes over accumulated sick leave. *See Rike v. Secretary of Education,* 508 Pa. 190, 494 A.2d 1388 (1985).

Here, there is no question that Kielbowick was not a tenured employee nor did his appeal to the Secretary involve a dispute over accumulated sick leave. The only proper avenue for his appeal from the Board's determination was to the common pleas court.

Although we find that the Secretary properly determined that it lacked jurisdiction over Kielbowick's appeal, we conclude that it was error for the Secretary to dismiss the appeal; instead we hold that the matter should have been transferred to the common pleas court.

In *Meck v. Carlisle Area School District,* 155 Pa.Cmwlth. 469, 625 A.2d 203 (1993), we determined that the common pleas court improperly quashed an appeal which should have been brought before the Secretary. We concluded that the common pleas court, rather than quashing the appeal for lack of jurisdiction, should have transferred the matter to the Secretary in accordance with Section 5103 of the Judicial Code (Code), 42 Pa.C.S. § 5103(a).[4] In construing Section 5103(a) in *Meck,* we held that the Secretary of Education is a tribunal within the meaning of Section 5103(d)[5] of the Code.

4. Section 5103(a), entitled Transfer of erroneously filed matters, provides in relevant part:

> If an appeal ... is taken to or brought in a court ... which does not have jurisdiction of the appeal ... the court ... shall not quash such appeal or dismiss such matter but shall transfer the record to the proper tribunal.

5. Section 5103(d) provides:

Although in *Meck* we dealt with an appeal improperly filed in the trial court which we directed to be transferred to the Secretary, a tribunal, we conclude that the converse of *Meck* applies here and that the Secretary, rather than dismissing the appeal, should have transferred the matter to the common pleas court. Accordingly, we will remand the case to the Secretary with directions to transfer the matter to the Court of Common Pleas of Beaver County.

## ORDER

AND NOW this 22nd day of June, 1993, the order of the Secretary of Education dated May 1, 1992 is vacated and the case is remanded to the Secretary with directions to transfer the matter to the Court of Common Pleas of Beaver County.

Jurisdiction relinquished.

As used in this section "tribunal" means a court or district justice or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Officer of Administrator for Arbitration Panels for Health Care and any other similar agency.