638 A.2d 413

**Gwendolyn ELLIOTT, Appellant,**

v.

**CITY OF PITTSBURGH.**

Commonwealth Court of Pennsylvania.

Argued Nov. 15, 1993.

Decided Feb. 17, 1994.

Michael Louik, for appellant.

Richard J. Joyce, Asst. City Sol., for appellee.

Before DOYLE and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Gwendolyn Elliott (Appellant) appeals from the order of the Court of Common Pleas of Allegheny County which vacated the order of the Personnel Appeals Board of the City of Pittsburgh based on a lack of jurisdiction. We affirm.

Appellant is employed by the City of Pittsburgh as a Commander in the Bureau of Police, Department of Public Safety. The Civil Service Commission of the City of Pittsburgh has classified the position of "commander" in the Bureau of Police as "non-competitive". Section 18 of the Act of May 23, 1907, P.L. 206, 53 P.S. § 23451 (Civil Service Act).

On August 12, 1987, Appellant received a disciplinary suspension, imposed by the Chief of Police, of seven working days

without pay for neglect of duty based on events which occurred during the early morning hours of May 26, 1987. Appellant requested a review by a police trial board but her request was denied because she is not an officer of the competitive class.[1] Appellant next requested a hearing before the Civil Service Commission of the City of Pittsburgh, but this request was also denied because such hearings are only provided for disciplinary suspensions of thirty days or more. Section 20 of the Civil Service Act, 53 P.S. § 23453.

Appellant then requested, and was granted, a hearing before the City of Pittsburgh Personnel Appeals Board (Board). The City of Pittsburgh (City) filed a Motion to Quash, arguing that the Board lacked jurisdiction to hear the appeal. In its opinion of July 27, 1988, the Board determined that it possessed the necessary jurisdiction to hear the matter. The Board further determined that, while disciplinary action for the events which occurred on May 25, 1987 was appropriate, the sanction imposed was inordinately harsh and was not in accordance with previously announced standards for disciplinary action. The Board reduced the suspension from seven days to three days.

The City appealed the Board's decision to the Court of Common Pleas. The City challenged the jurisdiction of the Board to hear the appeal and also argued that the Board's decision to reduce the suspension was not supported by substantial evidence. Appellant filed a cross-appeal claiming that there was not substantial evidence to support a suspension of any length of time.

The trial court concluded that the Board lacked jurisdiction to hear the appeal and vacated the Board's order. On appeal here, Appellant maintains that the Board's jurisdiction to provide a hearing is conferred by Section 4.4 of the City's Ordinance 17 of 1978, codified at Section 180.04(d) of the City of Pittsburgh Code (City Code). Appellant also asserts that her right to a hearing is guaranteed by the Local Agency

1. Section 7 of the Act of August 10, 1951, P.L. 1189, *as amended*, 53 P.S. § 23537 (Policemen's Civil Service Act).

Law,[2] regardless of any contrary language in the Civil Service Act.

Section 180.04(d) of the City Code authorizes the Board to hear and decide an appeal "by a non-uniformed employee, at the option of the employee, from any disciplinary action by a major administrative unit head that the employee may now appeal to the Civil Service Commission". Appellant's reliance on this provision is misplaced.

Appellant was disciplined by the Chief of Police, pursuant to the orders of the Director of Public Safety, who is a major administrative unit head.[3] But Appellant's position as a Commander in the Bureau of Police is a sworn police position and, as such, is a uniformed position for purposes of Section 180.04(d). Finally, because her suspension was for less than thirty days, Appellant did not have the right to appeal to the Civil Service Commission. 53 P.S. § 23453; *City of Pittsburgh v. Ionadi,* 7 Pa.Commonwealth Ct. 550, 300 A.2d 297 (1973). Appellant fails to meet the prerequisites for the Board's jurisdiction as set forth in Section 180.04(d).

The issue of the scope of the Board's jurisdiction was recently determined by this Court in *City of Pittsburgh, Department of Public Safety, Bureau of Police v. Roberts,* 147 Pa.Commonwealth Ct. 581, 609 A.2d 209 (1992), *petition for allowance of appeal denied,* 532 Pa. 647, 614 A.2d 1144 (1992). In *Roberts,* we limited the jurisdiction of the Board to those matters which are specifically delineated in Section 180.4(d) of the City Code. In this case we have determined that Appellant has not met the criteria for jurisdiction set forth in that section; accordingly, the Board lacked jurisdiction to hear her appeal. The Board recognized that Appellant was entitled to a forum in which to address her grievance, but the Board erred by expanding its jurisdiction beyond that set forth in Section 180.04(d) of the City Code.

**2.** 2 Pa.C.S. §§ 551–555, 751–754.

**3.** The Bureau of Police is within the Public Safety Department; the department is the "major administrative unit", and its director is the "major administrative unit head". See Article 209 of the Pittsburgh Home Rule Charter, 302 Pa.Code § 11.2–209, and Title One, Chapters 111.01 and 116 of the City of Pittsburgh Code.

Appellant acknowledges that Section 20 of the Civil Service Act allows for the suspension of an employee for up to thirty days without benefit of a hearing before the Civil Service Commission. Appellant argues, however, that this provision has been abrogated by the Local Agency Law, in which case her appeal would fall within the Board's jurisdiction.

Section 752 of the Local Agency Law provides the right to a hearing from an adjudication of a local agency. An adjudication is defined at 2 Pa.C.S. § 101 as any final determination by an agency affecting personal or property rights of a party. When an agency's decision or refusal to act leaves a complainant with no other forum in which to assert her rights, the agency's act is an adjudication. *Wortman v. Commission on Human Relations,* 139 Pa.Commonwealth Ct. 616, 591 A.2d 331 (1991).

The City asserts that Appellant's suspension was not an adjudication, citing *Guthrie v. Borough of Wilkinsburg,* 505 Pa. 249, 478 A.2d 1279 (1984). The issue in *Guthrie* was whether a police officer is entitled to notice and a hearing when his employers place a letter of warning in his personnel file. The court held that, had the officers been "dismissed, suspended or demoted they would have been entitled to notice and a hearing, and an appeal under the Local Agency Law". *Id.* at 256, 478 A.2d at 1282, but that the letters of warning did not affect the officers' personal or property rights. *Id.* The Local Agency Law provides that Appellant is entitled to a hearing from her suspension; however, this guarantee does not overcome the limits of the Board's jurisdiction.

Having determined that Appellant is guaranteed a hearing, but that she is not eligible for review by a police trial board because of her rank and that the Board lacks jurisdiction to hear this appeal, we must ensure that there exists a forum in which this type of appeal may be brought. We concur with the trial court's conclusion that the proper forum is the court of common pleas, as set forth in the same provision which confers Appellant's right to a hearing: "Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom

to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure)." 2 Pa.C.S. § 752.

We understand the Board's frustration in recognizing the potential for the arbitrary punishment of an employee who has no recourse. However, the Board is limited to the jurisdiction and authority delegated to it by the legislation. *Roberts.* We conclude that the Board did not have jurisdiction in this matter. Accordingly, the order of the trial court is affirmed.

## *ORDER*

NOW, February 17, 1994, the order of the Court of Common Pleas of Allegheny County, Civil Division, No. S.A. 1703–88, dated November 12, 1992, is affirmed.

PELLEGRINI and FRIEDMAN, JJ., did not participate in the decision in this case.