Linda M. LESOINE, Appellant,

v.

Dr. Alfred E. ARENA and Stroudsburg
Area School District.

Commonwealth Court of Pennsylvania.

Submitted Dec. 6, 1996.
Decided Feb. 7, 1997.

James A. Swetz, Stroudsburg, for appellant.

Daniel M. Corveleyn and Jennifer Harlacher Sibum, Stroudsburg, for appellees.

Before SMITH and FLAHERTY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Linda M. Lesoine (Lesoine) appeals from an order of the Court of Common Pleas of Monroe County (trial court) granting the Stroudsburg Area School District's (District) motion to strike Lesoine's petition in the nature of an appeal from a local agency adjudication pursuant to Section 752 of the Local Agency Law (Law), 2 Pa.C.S. § 752. We affirm.

On April 9, 1996, Lesoine, a non-professional employee of the District, attended a meeting in the office of the District Superintendent, Dr. Alfred Arena. The purpose of the meeting was to advise Lesoine, a member of a collective bargaining unit, of several charges that had been brought against her regarding her employment with the District. Following the meeting, Lesoine received a letter from Dr. Arena, suspending her from employment, without pay, for two days.[1]

On May 6, 1996, Lesoine filed an appeal with the trial court requesting a hearing to determine the propriety of her suspension. Prior to the appeal, Lesoine had not requested a formal hearing before the Stroudsburg Area School Board (Board) or followed the grievance procedures set forth in her collective bargaining agreement.

---

1. Specifically, the letter states:
     After careful consideration of all the information presented at our meeting on April 9, 1996, I have decided to suspend you for two (2) days without pay.
     Mr. Romano will meet with you to inform you of the dates of your suspension.

It is unfortunate that this action had to be taken in order to achieve the desired behavioral changes.
(R.R. at 8).

In her appeal to the trial court, Lesoine argued that her meeting with Dr. Arena violated the Law because she was not given reasonable notice or an opportunity to be heard, was not provided the opportunity to present testimony and did not receive any written adjudicatory findings. The trial court did not agree, holding that Dr. Arena's suspension of Lesoine was not an "adjudication" as defined in Section 101 of the Law, 2 Pa.C.S. § 101. Thus, the trial court held it did not have jurisdiction to entertain Lesoine's appeal. On appeal to this Court, Lesoine once again contends that Dr. Arena's actions violated the Law because she was not afforded necessary procedural safeguards.

■ At the outset, we note that there appears to be no dispute between the parties that this action is covered by provisions of the Law. Case law recognizes that appeals by discharged or dismissed professional employees are governed by the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 1–101–27–2702 (Code). *Rosenberg v. South Allegheny School District,* 61 Pa.Cmwlth. 63, 432 A.2d 654 (1981). Nevertheless, administrative appeals by suspended professional employees or dismissed non-professional employees, dismissed for reasons other than economy, are governed by provisions of the Law. *Id.* Where, as here, a court is faced with a suspended nonprofessional employee, neither statute appears to be directly applicable. Because the Law governs dismissed, non-professional employees, we believe that the parties have properly interpreted it to apply in cases involving the suspension of non-professional employees as well.

■ Thus, we turn to Lesoine's allegations that her suspension by Dr. Arena should be considered an adjudication pursuant to the Law. Section 752 of the Law provides the following:

Any person aggrieved by an adjudication of a local agency who has a direct interest in such adjudication shall have the right to appeal therefrom to the court vested with jurisdiction of such appeals by or pursuant to Title 42 (relating to judiciary and judicial procedure).

Further, the Law defines an adjudication as:

Any final order, decree, decision, determination or ruling by an agency affecting personal or property rights, privileges, immunities, duties, liabilities or obligations of any or all of the parties to the proceeding in which the adjudication is made.

2 Pa.C.S. § 101. While school boards are considered to be local agencies, *Kielbowick v. Ambridge Area School Board,* 156 Pa. Cmwlth. 356, 627 A.2d 276 (1993); *Monaghan v. Board of School Directors of Reading School District,* 152 Pa.Cmwlth. 348, 618 A.2d 1239 (1992); *Everett Area School District v. Ault,* 120 Pa.Cmwlth. 514, 548 A.2d 1341 (1988), neither the Law nor related precedent indicates that school district *superintendents* are accorded the same designation.

In *Olson v. Warren County School District,* 11 D. & C.3d 243 (1978), the Warren County Court of Common Pleas faced a similar scenario. In *Olson,* the plaintiff brought a mandamus action seeking to compel the Warren County School District (district) to grant him a termination hearing in connection with his dismissal as a teacher. Although the plaintiff had neither a certificate to teach nor any formal teaching credits, the district hired him to teach music when a "temporary emergency" occurred in the music department. Admittedly, the plaintiff's services could have been terminated at any time; however, he continued to teach for a six-year period until he was terminated by the superintendent for lack of certification.

One of the issues before the trial court in *Olson* was whether the plaintiff's dismissal was by a local agency. In this regard, the *Olson* court stated:

The instant case appears to be one of first impression in that it was not the District that terminated the services of plaintiff but rather the superintendent who hired him ... [W]e cannot fairly conclude the District made any 'adjudication' whatsoever or that there has been any violation of plaintiff's personal or property rights, privileges and immunities by the action of the superintendent when plaintiff was hired at will.

We note the superintendent's letter to plaintiff of July 6, 1973, is written upon stationery entitled 'Warren County School District, Office of the Superintendent of Schools, East Street and Third Avenue, Warren Pennsylvania'; nonetheless the contents makes [sic] it clear the decision was not made by the school board but rather by the superintendent. There is nothing in the record before us to conclude the school district in any way made an adjudication.

For these reasons we conclude plaintiff is not entitled to a hearing under the Local Agency Law.

*Id.* at 248.

Similarly, the record in the instant action indicates that Dr. Arena, not the Board, made the decision to suspend Lesoine. Because Dr. Arena is not considered to be a local agency under the Law, we conclude that his decision to suspend Lesoine was not, therefore, an adjudication. Hence, the trial court was correct when it held that it did not, *at this stage of the proceedings,* have jurisdiction to entertain Lesoine's appeal.[2]

Lesoine notes that in *Elliott v. City of Pittsburgh,* 162 Pa.Cmwlth. 180, 638 A.2d 413 (1994), this Court found the chief of police's suspension of an employee to be an adjudication of the City of Pittsburgh within the meaning of the Law. Lesoine analogizes the holding in *Elliott* to the instant action, arguing that the superintendent's suspension of Lesoine should also be considered an adjudication. In *Elliott,* we acknowledged that when an agency's decision or refusal to act leaves a complainant with no other forum in which to assert her rights, the agency's act is an adjudication. Because the appellant in *Elliott* was entitled to a hearing pursuant to the Law, but had no forum in which she could assert her rights, we held the chief of police's action to be an adjudication. Conversely, in the present case, Lesoine could have appealed the superintendent's decision to the Board or filed a grievance pursuant to her collective bargaining agreement. Lesoine was not, therefore, without a forum in which she could assert her rights. Consequently, we will not construe the superintendent's disciplinary decision to be an adjudication under the Law.

Accordingly, the order of the trial court is affirmed.

### ORDER

NOW, *February 7, 1997,* the order of the Court of Common Pleas of Monroe County is hereby affirmed.

---

**2.** While the record reflects that Lesoine has missed the deadline for filing a grievance pursuant to her collective bargaining agreement, we do not believe that she is precluded from seeking an appeal of her suspension with the Board. In the event Lesoine does seek an appeal with the Board and the Board renders an adjudication, jurisdiction will at that point be lodged with the trial court should either of the parties wish to seek an appeal.